WILLIAM J. McCLELLAND *vs.* JOHN NICHOLS and others.

October 5, 1877.

**Conversion—General Denial—Evidence.**—Under a denial of each and every allegation of a complaint, in an action for the conversion of personal property, evidence reasonably tending to show a right of possession in defendant at the time of the alleged conversion is competent.

**Conditional Sale—Delivery—Right of Vendor to Retake Possession.**—Where a conditional sale and delivery of personal property gives the right to the vendor to retake possession, whenever he deems himself insecure, he cannot be held liable, as for a conversion, for taking possession upon the occurrence of such contingency.

This was an action for the conversion of a certain "Vibrator Threshing Machine." The defendants, in their answer, denied each and every allegation contained in the complaint. The cause was tried in the district court for Freeborn county, by *Page*, J., and a jury. Upon the trial the defendants offered in evidence the following paper, marked "Exhibit A:"

$100.                    OWATONNA, MINN., Sept. 6, 1871.

On or before the first day of January, 1872, for value received, I, the subscriber, of Hartland, county of Freeborn, state of Minnesota, promise to pay to the order of Nichols, Shepard & Co. $100, at Bank of Owatonna, in Owatonna, with interest at 10 per cent. per annum until paid; if paid at maturity, 7 per cent. per annum.

*        *        *        *        *        *

The express condition of the sale and purchase of said Vibrator Thresher is such that the title, ownership and possession does not pass from the said Nichols, Shepard & Co. until this note and interest is paid in full; that the said Nichols, Shepard & Co. has full power to declare this note due, and take possession of said thresher at any time he may deem himself insecure, even before the maturity of the note.

[Signed]                    W. J. McCLELLAND.

The plaintiff objected to the admission of this paper in evidence, and his objection was sustained by the court. The jury rendered a verdict for the plaintiff, and, judgment having been entered thereon, the defendants appealed.

*A. G. Wedge*, for appellants.

In an action for the conversion of property, the defendant, under a general denial in the answer, has the right to introduce proof controverting any fact that the plaintiff was required to prove in order to establish his cause of action. *Ontario Bank* v. *N. J. Steamboat Co.* 59 N. Y. 510–514; *Lathrop* v. *Godfrey*, 3 Hun, 739–742; *Smith* v. *Countryman*, 30 N. Y. 679; *Booth* v. *Powers*, 56 N. Y. 33; *Dunham* v. *Converse*, 28 Wis. 307. "Exhibit A" was, therefore, admissible

v.24M—12

in evidence, and would have proved that no title passed to the plaintiff until the note was paid. *Ballard* v. *Burgett*, 40 N. Y. 314; *Hutchings* v. *Munger*, 41 N. Y. 155; *Hammett* v. *Linneman*, 48 N. Y. 399; *Little* v. *Page*, 44 Mo. 412; *Griffin* v. *Pugh*, Id. 326; *Ridgeway* v. *Kennedy*, 52 Mo. 24; *Hunter* v. *Warner*, 1 Wis. 141; *Pitts* v. *Owen*, 9 Wis. 145.

*Lovely & Parker*, for respondent, argued that "Exhibit A" was too ambiguous to be admitted for any purpose; that the note in said exhibit did not refer to any thresher; that the chattel clause did not refer to the note; and that the parol evidence offered did not remove these uncertainties. They also cited Chit. on Con. (2d Am. Ed.) 23; Kerr on Frauds, 435, n. 6; 2 Par. on Con. (5th Ed.) 558, n.; 1 Wis. Dig. 140, 141, § 35.

CORNELL, J.    Under a denial of each and every allegation of a complaint in an action for the conversion of personal property, the defendant, on the trial, has the right to introduce any evidence reasonably tending to show in himself a right of possession to the property at the time of the alleged conversion.    Prior to the offer of "Exhibit A" in evidence, and its exclusion by the court, some evidence had been introduced reasonably tending to establish the following facts: That the property mentioned in the complaint was identical with that referred to in the agreement alluded to or contained in the exhibit; that the possession of such property was obtained from the defendants Nichols, Shepard & Co. by the plaintiff, and his rights in respect thereto were held under that agreement; that the note contained in the exhibit was given by him in part payment for the purchase of the property; that the same was past due at the time of the alleged conversion; that prior payment thereof had been demanded and refused; and that the possession taken by the defendants Nichols, Shepard & Co., through their agent, the defendant Wedge, which constitutes the conversion complained of, was under a claim of right founded upon the agreement, and made known at the time.

If, then, by the terms of the agreement, as indicated by the exhibit, the title to the property was in the defendants Nichols, Shepard & Co., together with the right then to take possession thereof under the terms of the agreement, the exhibit was clearly competent evidence under the issue, and its rejection by the court was error, calling for a new trial. As indicated by the exhibit, the sale of the thresher to the plaintiff, by the defendants Nichols, Shepard & Co., was a conditional one, containing an express stipulation that "the title, ownership and possession of the property should not pass from them until the note therein referred to, with interest, was paid in full." Under this stipulation of the agreement both the title and right of possession remained with them until payment of the note. If this provision was qualified by the subsequent clause, to·wit, "that the said Nichols, Shepard & Co. has full power to declare this note due, and take possession of said thresher at any time he may deem himself insecure, even before the maturity of the note," so as to give plaintiff the right to take and keep possession until Nichols, Shepard & Co. might deem themselves insecure, still the latter, no doubt, upon the occurrence of such contingency, had the right to retake possession, (*Ballard* v. *Burgett,* 40 N. Y. 314,) and the refusal of plaintiff to pay the note after maturity, upon demand, was certainly strong if not conclusive evidence that they did, in fact, and in good faith, deem themselves insecure at the time they took possession, in this instance. The exhibit should have been received in evidence. The judgment of the court below is reversed, and a new trial granted.