OLE O. TORP *vs.* OLE H. GULSETH.

## June 15, 1887.

**Conversion by Chattel Mortgagee—Damages.**—In an action by a mortgagor of chattels against the mortgagee for an alleged premature and wrongful taking by the latter, the value of the property should be assessed, subject to the liens thereon, and the plaintiff can only recover the value of his interest or equity.

**Conditional Sale—Surety for Purchaser—Subrogation.**—A surety upon a note given by his principal for the purchase price of a chattel, the title to which it was expressly stipulated should remain in the seller until full satisfaction of the debt, is entitled, upon payment of the debt by him, to be subrogated to all the rights and remedies of the creditor, and has the same rights, as the equitable assignee of the latter, to take possession of the property for his security.

**Same.**—The right of such surety to be so subrogated is not affected by the fact that he holds a mortgage upon the same property for another and prior debt.

The plaintiff brought this action in the district court for Otter Tail county to recover damages for the alleged conversion of two horses by the defendant. Upon a trial before *Baxter*, J., and a jury, the plaintiff had a verdict, and he appeals from an order granting a new trial.

*Clapp, Woodard & Cowie,* for appellant.

*Chas. L. Lewis,* for respondent.

VANDERBURGH, J. The plaintiff was in possession of the team of horses in controversy, under a contract for the purchase thereof, and

had given his obligations or notes for the entire purchase price,—one for $160, and interest, due November 1, 1884, and the other for $165, and interest, due November 1, 1885; which notes were also signed by the defendant as surety, and paid by him at or about the maturity thereof, upon plaintiff's default. They each contained the provision that the title to the property should remain in the payees until they were fully paid, and empowered the latter to resume the possession at any time they should deem themselves insecure, and this right had accrued to them when defendant, as surety, took up and paid the notes. *McClelland* v. *Nichols,* 24 Minn. 176.

Upon payment by defendant of the first note in November, 1884, the plaintiff executed a chattel mortgage to defendant upon the horses and harness in controversy, to secure the amount so paid. The plaintiff was in possession, and the mortgage was valid between the parties, but was subject to the rights of the original vendor under the terms of the second note. When defendant paid the latter, he was subrogated to the rights and remedies of the payee. There was no merger of the chattel mortgage which secured the amount of the first note, and his remedy thereon was entirely independent of his rights as surety upon the second note; and, if the latter had been paid by the mortgagor, the mortgage would still have remained in force. The defendant was therefore entitled to take the property upon the mortgage upon breach of the condition therein; or he might assert his right to the possession as the equitable assignee of the interest of the payee in the second note, and, if sued in trespass or replevin, he might justify accordingly. *McArthur* v. *Martin,* 23 Minn. 74; Brandt, Sur. § 269; *Myres* v. *Yaple,* 60 Mich. 339, (27 N. W. Rep. 536.)

As between the plaintiff and defendant, if the latter had elected to proceed under the mortgage only, and the plaintiff were entitled to recover because there had been no default therein, yet the facts in respect to the outstanding second note and the state of the title might be shown as respects the team, upon the question of the value of the plaintiff's interest or equity. He would not be entitled to recover the full value of the property. *Cushing* v. *Seymour,* 30 Minn. 301, (15 N. W. Rep. 249;) *Jellett* v. *St. Paul, M. & M. Ry. Co.,* 30 Minn. 265,

(15 N. W. Rep. 237.)   And the damages for the detention would be the reasonable value of the use of the property only.

A new trial was properly granted.

Order affirmed.