ALEXANDER KIDD, Respondent, v. R. H. JOHNSON, Appellant.

Kansas City Court of Appeals, April 25, 1892.

Replevin: DELIVERY. Where plaintiff would not surrender property except under compulsion, and the constable, though unarmed with process, demanded the property as an officer, and asserted that it was his duty as such officer to take it, then plaintiff ceased to resist or protest, and the property was taken, *held* it was not a voluntary turning over of possession, and plaintiff could maintain replevin for its recovery.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*P. H. Cullen* and *W. W. Fry*, for appellant.

The property was taken with plaintiff's consent, and the demurrer to the evidence should have been sustained. Plaintiff admits that he thought Moore was acting as an officer and delivered him the property. His ignorance was no ground for this suit. If not wrongfully taken, but only wrongfully detained, then a demand of defendant was necessary to maintain this suit. There was no demand alleged or proven. *Nanson v. Jacob*, 93 Mo. 331; *Reno v. Kingsbury*, 39 Mo. App. 240.

*Geo. Robertson*, for respondent.

The property was not taken with plaintiff's consent. He refused to give it up, and Moore, who was deputy constable, demanded it by virtue of his office—demanded it in his official capacity. No demand under this state of fact was necessary, as defendant's possession was tortious. There was no breach of the conditions of the mortgage. Plaintiff had the right to the possession. *Cole v. Railroad*, 21 Mo. App. 443; Cobbey on Replevin, secs. 447, 453.

ELLISON, J.—This action is replevin in which plaintiff recovered below, and defendant appeals. Plaintiff gave a chattel mortgage on some dairy cows to secure his note for $300. He made considerable pay-' ment on the note before due, after which it was sold by the holder to defendant, the purchase being made before due, but with notice of the payments. The mortgage contained a provision permitting the mortgagor to retain possession until default, but with the additional provision that if there was an unreasonable depreciation in the value of the property mortgaged, the mortgagee might take it into his possession. Before the note became due, defendant got a constable to go with him to plaintiff's premises for the purpose of taking the cows. Plaintiff refused to give them up until the constable informed him that it was his duty as an officer to take them, under the mortgage which he had with him. Plaintiff then made no further resistance, and the constable, together with defendant, took the cows away, and plaintiff instituted this action.

Some of the foregoing facts were not disputed; what were disputed had evidence tending to support them. Plaintiff's testimony shows clearly that he would not have surrendered the property, except under

compulsion. The constable, though not armed with process, demanded the property as an officer, and asserted that it was his duty as such officer to take it. Plaintiff then ' ceased to resist or protest, and the property was taken. This was not a voluntary turning over of possession.

The question whether there was an unreasonable depreciation of the property, and the measure of damages, was submitted to the jury under instructions, which, when taken in connection with defendant's, are not the subject of valid objection.

The judgment will be affirmed. All concur.