MAUD BROOK v. HENRY T. BAYLESS, *et al.*

(Filed February 18, 1898.)

1. CHATTEL MORTGAGE—*Insecurity Clauses.* Clauses in a chattel mortgage providing for the mortgagee taking possession of the property at any time when she should consider the debt thereby secured unsafe, or when, from any cause, in her opinion, the security should become inadequate, confer no arbitrary power upon the mortgagee, but, on the contrary, such power may only be exercised when reasonable grounds exist for the mortgagee to feel unsafe or insecure. The right of the mortgagee to judge for himself of the conditions rendering the security unsafe, is subject to this limitation; that his judgment of the insecurity must be exercised in good faith and upon good grounds or probable cause; and such insecurity or unsafety has reference to a cause or causes arising or produced subsequent to the making of the mortgage.

2. REPLEVIN BY MORTGAGOR—*Practice.* Where a mortgagor of chattels brings replevin against the mortgagee for the possession of mortgaged property, if at the time the action was commenced the plaintiff was the owner and entitled to the

immediate possession of the property, and the defendant unlawfully detained the same, although the debt secured became due or a default occurred in the condition of the mortgage between the time of commencing the suit and the trial, the plaintiff would, nevertheless, be entitled to a verdict for the value of his interest in the property and for damages and costs.

3. REPLEVIN—*Judgment.* The judgment in replevin should, so far as possible, adjust all the equities of the parties. The gist of the action is the right of the plaintiff to the immediate possession of the property at the commencement of the action, and if the title or rights of the parties to the property should change *pendente lite*, the judgment should adjust the equities between them as such equities stand at the time of the rendition of the judgment.

4. PRACTICE—*Misjoinder.* Where the evidence shows but one of two joint plaintiffs to have any ownership of, or right of possession to, the property sued for, and the judgment is in favor of the plaintiffs jointly, where no objection was made to the verdict on this account, and the attention of the trial court was not called to such variance, the objection comes too late when raised for the first time in this court.

5. DAMAGES. Where the verdict assesses the value of the property replevied or the damages for the detention thereof at a sum greater that that alleged in the petition and no amendment is made or asked, the judgment should be entered only for the sum stated in the petition.
   (Syllabus by the Court.)

*Error from the District Court of Kay County; before A. G. C. Bierer, District Judge.*

*James B. Diggs,* for plaintiff in error.

*S. H. Harris,* for defendant in error.

Action by Henry T. Bayless and Florence Bayless against Maude Brook to recover possession of certain personal property and for damages for its detention. Judgment for the plaintiffs. Defendant below brings error.

Opinion of the court by

TARSNEY, J.: Plaintiff in error held a chattel mortgage, executed by defendants in error, on certain personal property to secure an indebtedness of $113.25. By the terms of the mortgage the property was to remain in the possession of the mortgagors until such time as the mortgagee should deem it advisable to take the same into possession. In default of payment of the debt, or any part thereof, or in case the mortgagors should sell or remove, or attempt to sell or remove, the property or any part thereof from Kay county, O. T., or if the mortgagee at any time considered the debt secured unsafe, or if from any cause the security should, in the opinion of the mortgagee, become inadequate, the mortgagee, or assigns, might take such property or any part thereof into possession.

The plaintiff in error, as assignee of said mortgage, and before the debt secured thereby became due, took possession of said property. The value of the property when so taken, was $368. Defendants in error brought this action of replevin as the owners of said property, claiming the right of possession thereof, as owners, and under the conditions of said mortgage, until default was made therein.

The principle proposition discussed in the briefs of counsel relates to the construction to be placed upon these clauses of the chattel mortgage providing for the mortgagee taking possession of the property at any time when she should consider the debt thereby secured unsafe, or when, from any cause, in her opinion, the security should become inadequate, counsel for plaintiff in

error contending that such clause or clauses vests an absolute right in the mortgagee to take possession of the mortgaged property when she might deem herself insecure, and that the exercise of this right does not depend upon the fact that she has reasonable grounds for considering the debt unsafe or for her opinion that the security had become inadequate; that the sole test to the rights of the mortgagee in this mortgage is, did the mortgagee, in fact, deem the debt insecure, or was it her opinion that the security had become inadequate; and that she is the sole judge as to the time when she is authorized to take possession under the mortgage by virtue of such clauses?   On the other hand, the contention of counsel for defendants in error is that the contract should be construed altogether, and a reasonable interpretation must be that the mortgagee was willing to accept the security at the time of taking the same, and would not proceed to foreclose unless something should happen thereafter which would justify pursuing such a course without doing violence to the original intentions of the parties; that the unfounded opinion of the mortgagee that the debt may be secure or the security inadequate, is not sufficient to authorize the taking of the property from the possession of the mortgagor; that where property is taken from the possession of the mortgagor under such provisions in the mortgage, the party taking must show some reasonable ground for the belief or opinion that the debt was unsafe or that the security had become inadequate; that the power thus conferred is not an arbitrary one, but, on the contrary, a power only to be exercised when reasonable grounds exist for feeling unsafe or insecure, and that the reasonableness

of this feeling is to be decided by the court or a jury under the facts of each case. There is much discussion in the authorities of the question here involved. We are furnished with a voluminous citation of authorities by counsel on either side, and an examination of those authorities show a division in diametrically opposite l'nes; one line holding that such stipulation confers upon the mortgagee an absolute discretion for the exercise of which he cannot be called to account. The other line holding to the doctrine that if a mortgagee snall, at any time before the debt becomes due, feel himself unsafe or insecure, he shall have the right to take possession of the mortgaged property, and has the right to judge of the crisis for himself, subject, however, to the limitation that his judgment of the security must be exercised in good faith upon reasonable grounds or probable cause; that he cannot exercise an arbitrary discretion in the premises; that the feeling of insecurity has reference to one produced from a cause arising subsequent to the making of the mortgage; that the mortgagor must have done something or be about to do something which tends to impair the security of the mortgage before the mortgagee can act under this power.

If this were an open question in this Territory, we would consider it necessary at this time to cite and review herein these authorities and support our conclusion with the reasoning of that line of authorities which are in harmony with our views; but it is not an open question, and therefore such review would serve no useful purpose.

Counsel, while citing many authorities as bearing upon the question which—though available to counsel—

are not available to the members of this court, yet seem to leave unconsidered and unnoticed the fact that this question was before this court and decided at the June term, 1896, and that it was then held that an instruction which denied the arbitrary right of the mortgagee to take possession of mortgaged property under a power in the mortgage identical with the one we are considering, without a reasonable ground therefore, embodied a correct principle of law. (*First National Bank, et al. v. Teat*, 4 Ok. 454.) We think that decision is not only in harmony with the latter and more advanced and better view of the authorities, but more just in its application than a contrary view. It is based upon the underlying principle that controls in the construction of contracts, that the intent of the parties is the gist of the contract. The intent of the parties to a contract of this character is that the property shall remain in the possession of the mortgagor until the debt is paid or default is made in such payment, unless the condition of the property should be so changed as to render the security unsafe or, at least, until its condition was so changed as to make it reasonably apparent that the debt was less secure than when the mortgage was executed. If a mortgagee may, within a month, under such power, take possession of the property without any apparent grounds for considering his security unsafe, he may do so within a day or an hour after the mortgage is made, and thus defeat the expressed intention of the parties declared in the clause that "the property shall remain in the possession of the mortgagor" until some default or condition is broken. We must, therefore, adhere to the former decision of this

court and hold that there was no error in the instructions given by the court below in this case, declaring the law upon this question.

II. At the commencement of this action, the debt secured by the mortgage was not due. Before the case proceeded to trial, the debt had become due, but before that time plaintiff in error had sold the property. The court gave an instruction as follows:

"If you believe from a preponderance of the evidence that, at the time this action was brought, the plaintiffs were the owners and entitled to the immediate possession of the property sued for and described in the petition, and that the defendant unlawfully detained the same from the plaintiffs after demand therefor, then your verdict should be for the plaintiffs."

There was no error in this instruction. Even though the rights of the defendants in error to the possession of the property terminated before the trial of the cause, if they were entitled to the possession when the action was commenced and the property was at and before the commencement of the action wrongfully withheld from them by the plaintiff in error, they were entitled to a verdict, not for a return of the property, but for the value of their interest therein and for damages and costs. (Cobbey on Replevin, sec. 1124.)

The judgment in the replevin should, so far as possible, adujst all the equities which arise between the parties to the suit in its progress. (Cobbey on Replevin, sec. 1148.) The gist of the action of replevin, and that which determines the right of the plaintiff to a judgment, is his right to the immediate possession of the property at the commencement of the action, and if the title or rights of the parties to the property should change *pendente lite*, the

judgment should adjust the equities between the parties, as such equities stand at the time of the rendition of the judgment.

III. The petition in this case alleged ownership and right of possession in Henry T. Bayless and Florence Bayless jointly, and the verdict and judgment were for the plaintiffs jointly. The evidence did not show any interest in Florence Bayless in the subject matter of the cause. It is contended that for this reason the judgment should be reversed. The attention of the trial court was not in any manner called to such variance. No objection was made to the verdict on this account, and if it presented substantial error the objection comes too late when raised for the first time in this court. No substantial right of the plaintiff in error was affected by such error. "The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect." (Code of Civ. Proc., Laws of 1893, sec. 140; *Lynch v. Richardson Lumber Co.*, 5 Ok. 628.)

IV. The final proposition presented and urged as a ground for a reversal of the judgment in this cause is that the damages allowed were excessive. Defendants in error, in their petition, alleged that they had been damaged in the sum of $200 by the unlawful detention of the property, and asked judgment for that amount as damages for such detention; the jury assessed their damages as $305, and judgment was rendered on the verdict for the latter amount. This cannot be upheld. It is error to render judgment for more than is claimed in the petition or affidavit. (Cobbey on Replevin, secs. 1097, 1193.)

Where the verdict assesses the value of property replevied or the damages for the detention thereof at a sum greater than that alleged in the petition, and no amendment to the petition is made or asked, the judgment should be entered only for the sum stated in the petition. (*Ward v. Masterson*, 10 Kan. 77.)

This error does not call for a reversal of the judgment and a new trial of the cause but may be corrected in this court. (*Oklahoma City v. Hill*, this volume, p. 114.)

This case will be remanded to the district court with instructions to modify the judgment, so as to reduce the amount of damages for the detention of the property to the sum of $200, with interest from the date of the verdict. The judgment rendered is set aside and annulled as to the remaining $105 assessed for such damages. The costs of this appeal to be taxed to the defendants in error.

Bierer, J., who presided in the court below, not sitting; all the other Justices concurring.