## McDONALD v. SCHANTZ.

No. 4065.   Opinion Filed January 26, 1915.

(146 Pac. 36.)

**CHATTEL MORTGAGES—Replevin by Mortgagee—Judgment—Damages.** Where a mortgagee procures possession of property before default, and the mortgagor institutes an action in replevin for possession of the property, and subsequent to the commencement of the suit, but prior to the time of trial, the mortgagor makes default on the note and mortgage, which default is admitted, **held,** that the court properly instructed the jury that the defendant was entitled to judgment for a return of the property in order to satisfy his mortgage lien, and that the plaintiff was entitled to damages for the usable value of the property during the period the mortgagee unlawfully retained possession.

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Muskogee County;*

*Farrar L. McCain, Judge.*

Action by A. B. McDonald against N. M. Schantz. Judgment for defendant, and plaintiff brings error. Affirmed.

*H. T. Walker* and *Chas. A. Moon,* for plaintiff in error.

*William T. Hutchings* and *William P. Z. German,* for defendant in error.

Opinion by RITTENHOUSE, C.  On the 30th day of November, 1910, A. B. McDonald, plaintiff in this action, purchased from the defendant, N. M. Schantz, one 30 horse power E. M. F. automobile, No. 2621, model of 1909, for the sum of $600, and conveyed to the defendant 29.66 acres of land, valued at $200, and executed his note for $400, due and payable on May 30, 1911, secured by the automobile. On the 8th day of February, 1911, in the city of Muskogee, defendant with force took possession of said automobile without the consent of the plaintiff. This action of replevin was instituted to regain posses-

sion of the automobile, and the necessary affidavits and bonds were filed and issues joined. Between the time this suit was instituted and the date of trial, the note became due, and default was made in the payment thereof.

This question was before the court in the case of *Brook v. Bayless et al.,* 6 Okla. 568, 52 Pac. 738, which was a case in many respects similar to the one at bar, and the court in discussing the same said:

"Even though the rights of the defendants in error to the possession of the property terminated before the trial of the cause, if they were entitled to the possession when the action was commenced, and the property was at and before the commencement of the action wrongfully withheld from them by the plaintiff in error, they were entitled to a verdict, not for a return of the property, but for the value of their interest therein and for damages and costs. Cobbey on Replevin, sec. 1124. The judgment in replevin should, so far as possible, adjust all the equities which arise between the parties to the suit in its progress. Cobbey on Replevin, sec. 1148. The gist of the action of replevin, and that which determines the right of the plaintiff to a judgment, is his right to the immediate possession of the property at the commencement of the action, and if the title or rights of the parties to the property should change *pendente lite,* the judgment should adjust the equities between the parties, as such equities stand at the time of the rendition of the judgment."

It is said in Cobbey on Replevin, sec. 1124, that:

"* * * Although the question in replevin is the status of the property at the commencement of the action, still the court should inquire into the title and possession of the property down to the day of trial, that complete justice may be done. If it appears that a change in possession or ownership has taken place during the pendency of the suit, as by the expiration of a lease or the termination of a limited interest or any other reason, the court will consider this, and not award a return when it would be inequitable to do so. But the judgment for costs and damages should be given based on the right of possession at the commencement of the suit."

The same authority, in speaking of the rendition of a judgment in replevin (section 1148), said:

"The judgment in replevin should, so far as possible, adjust

all the equities which arise between the parties to the suit in its progress, and in a suit by the general owner against one who claims a special interest. If defendant's interest in the property expire or is extinguished after the suit is brought and before judgment, such fact should be shown and considered in rendering judgment, which in such cases should be for costs only. In claim and delivery, brought to get possession of property, in order to sell it to satisfy a lien, if all the parties are before the court, the court should settle the rights of all parties. As the plaintiff is but a trustee, the value of his interest should be ascertained."

The court found, and so instructed the jury, that at the commencement of the action the plaintiff was entitled to the immediate possession of the property and to damages for the wrongful detention thereof. Subsequent to the commencement of the action, but before trial, the plaintiff made default in the payment of the debt secured by said mortgage. The defendant was therefore entitled to possession of said property in order to satisfy his lien. It would have been inequitable for the court to have refused to allow the defendant to assert his right to the possession of the property, and to have compelled him, immediately after the termination of this action, to institute another action to replevin the property, in order to subject it to his lien. True, the gist of the action is the right of the plaintiff to the immediate possession of the property at the commencement of the action, but if the title or right of possession to the property changes subsequent to the commencement of the action, and prior to the date of the trial, the judgment should adjust the equities between the parties as such equities exist at the time of the trial; the adjustment of such equities being necessary for a final and complete determination of the controversy.

The cause should, therefore, be affirmed.

By the Court: It is so ordered.