JOSEPH STEIDL v. DAVID AITKEN and Andrew Catherwood.

(L.R.A. 1915E, —, 152 N. W. 276.)

**Chattel mortgages — insecurity clause — mortgagee taking possession — by force and with malice — trespasser — conversion — lien of mortgage extinguished.**

1. A mortgagee who, under the insecurity clause in his mortgage, seeks to obtain the possession of the property mortgaged, and does so maliciously and by force or fraud, is a trespasser, and as such is guilty of wrongful conversion which, under the provisions of § 6721, Compiled Laws of 1913, extinguishes the lien of the mortgage.

**Wrongful conversion of mortgaged property — lien extinguished — damages — mitigation of — claim and delivery — does not apply.**

2. The provision contained in § 6721, Compiled Laws of 1913, which provides that, even though the wrongful conversion of the mortgaged property by the mortgagee will extinguish the lien of the mortgage, such mortgagee may, if an action is brought for the conversion of the property, prove the amount of the debt secured by the mortgage in mitigation of damages, does not apply to actions in claim and delivery.

**Conversion — action for — mortgagee — pleading and proof necessary.**

3. Even in an action of conversion against the mortgagee for the wrongful

---

Note.—As to the necessity of good faith and the existence of reasonable grounds to justify mortgagee taking possession of mortgaged chattels under the "safety" or "insecurity clause" in the mortgage, see notes in 23 L.R.A. 780, 19 L.R.A. (N.S.) 915, and 51 Am. Rep. 805.

seizure of mortgaged property, such mortgagee must plead and prove the amount of his mortgage debt if he seeks to mitigate the damages for such unlawful seizure.

**Claim and delivery — possession of property — plaintiff entitled to trial to court — without jury — specific valuation — demand for — judgment — alternative — aggregate value of property.**

4. In a claim and delivery proceeding in which the plaintiff is shown to be entitled to the possession of property seized by the defendant, and in which the trial is had to a court without a jury and in which no demand is made for a specific valuation of the property, a judgment for the return of the property which is specified or in the alternative for the payment of a certain sum, being the aggregate value thereof, in case said return cannot be had, is not invalid because of a lack of a specific valuation of each article in said judgment. Smith v. Willoughby, 24 N. D. 1.

**Claim and delivery — return of property — alternative judgment — aggregate value.**

5. Although in an action of claim and delivery, and in cases where a return of the property cannot be had, and a judgment in the alternative is directed for the value thereof, such ·judgment may be in the aggregate, and need not specify the value of each article unless a demand for such specification has been made upon the trial.

Opinion filed March 30, 1915.

Appeal from the District Court of Walsh County, *Kneeshaw,* J. Action of claim and delivery to recover possession of personal property and damages for the taking and detention. Judgment for plaintiff. Defendant appeals.

Affirmed.

Statement of facts by BRUCE, J.

This is an action in claim and delivery to recover the possession of certain horses and other personal property, and damages for the detention thereof. The case was tried by the court without a jury. The learned trial judge, among other things, found that on September 9, 1912, the plaintiff, Joseph Steidl, was the legal and rightful owner and in possession of the property in controversy; that on the said 9th day of September, 1912, the defendants wrongfully and unlawfully seized and took said personal property out of the custody and possession of the plaintiff, and that such seizure was made under the instructions of the defendant David Aitken; that at the time of such seizure and taking

the defendant was absent from the immediate place of seizure; that said property was on the highway 5 miles from Park River, and in the possession of the plaintiff's servants or hired men; that such seizure and taking was accomplished by fraud by the defendants; that the defendant Catherwood at said time represented that he was an officer of Walsh county, North Dakota, and that he had the necessary and sufficient papers to take said property, and partly exhibited to the said agents and employees of the plaintiff some kind of papers, but did not remove said papers from his pocket or from the envelop in which they were encased, but did in fact represent and state to said agents and servants that he was an officer of the law, and that he had the necessary papers, and that he then ordered and directed the said servants and agents of plaintiff to turn about and drive said property back to Park River; that the said servants, believing it to be their duty to obey the said Catherwood as an officer of the law clothed with proper papers, complied with the demand; that the said Catherwood was not acting as an officer of the law, nor did he have in his possession any papers in claim and delivery, or any attachment or any papers or court process whatever, nor had any action for the recovery of the possession of said property been instituted in Walsh county; that said taking was *wrongful, unlawful, and malicious;* that the only papers that the said Catherwood had in his possession were some promissory notes and a chattel mortgage, which covered only a part of the property; that on arriving at Park River, the said property was turned over immediately to the defendant David Aitken; that the plaintiff made a personal and persistent demand upon the defendants for a return of said property; that the defendants, each and both of them, refused to return the same; that within a short time after the horses had been placed in a livery barn, the plaintiff and two of his agents and servants attempted peaceably and quietly to recover the possession of the same, but the same were retaken by the defendant Andrew Catherwood by force and threats. The court further found that the defendant Aitken claimed that the plaintiff Steidl became indebted to him in the sum of $1,400 on or about August 2, 1912, and that the plaintiff made, executed, and delivered to the said Aitken a chattel mortgage on the said property, but that none of the promissory notes which the said mortgage attempted to secure, nor any part of the said $1,400, was due until long after September 9, 1912. The court further

found that no default had been made in the conditions of the notes and mortgage at the time of said seizure, and that as a matter of fact the security was not unsafe or insecure. The court further found the aggregate market value of the personal property and the specific value of each article.

Upon the foregoing findings of fact, the learned trial judge made the following conclusions of law: (1) That the plaintiff was at all times herein mentioned, and now is, the owner of the personal property, hereinbefore described and that the same was wrongfully and unlawfully seized and taken from him by the said defendants, as hereinbefore stated and found, and that the plaintiff is entitled to the immediate possession and return of each and all of the said personal property. so seized and taken by the defendants, as hereinbefore described, and that the same be returned and delivered back into the possession of the plaintiff, and in case a return, delivery, or possession thereof cannot be made or had, then that the plaintiff have judgment against the defendant David Aitken, for the actual value of the said personal property, to wit, for and in the sum of six hundred and fifty ($650) dollars; (2) that as a matter of law, no default of any kind existed in the chattel mortgage to the defendant Aitken, under. which he alone and only claimed and claims said property and his right to the possession thereof, and, further, that neither of the said defendants was or is entitled to the possession of said property, or any part thereof, and that the seizure and taking of said property from the plaintiff, by the defendants as hereinbefore stated and found, was wrongful, unlawful, and malicious. That under the undisputed facts in this case, the defendant Aitken's remedy, if any at all, existing on September 9, 1912, was by proper and orderly action in claim and delivery, and that the law will not permit the defendants, or either of them, to justify their action in this case, under the said chattel mortgage, no default having been made on the terms and conditions of said mortgage; (3) that the plaintiff is entitled to recover judgment against the defendant David Aitken for the sum of three hundred ($300) dollars as damages for the unlawful and wrongful taking and detention of said property; (4) that the action is dismissed as to the defendant Catherwood, without costs, as the evidence discloses that he was not in possession or control of the personal property at the time of the commencement of this action, but plaintiff was

justified under the circumstances of the case in making him a party defendant; (5) that plaintiff is entitled to judgment against the defendant David Aitken for his costs and disbursements, to be taxed by the clerk.

On these findings and conclusions of law, judgment was entered in favor of the plaintiff for the immediate return of the property mentioned, with the alternative that if such return and delivery could not be had forthwith, the plaintiff should have judgment in the sum of $650, the actual value of such property, and in addition thereto the sum of $300 as damages for the unlawful taking and detention. From this judgment the defendant David Aitken has alone appealed.

*H. C. DePuy,* for appellant.

The mortgagee's right to take possession under the insecurity clause of his mortgage becomes operative *eo instanti,* when condition happens before debt is due. Ellestad v. Northwestern Elevator Co. 6 N. D. 88, 69 N. W. 44; Cases cited in 9 Century Dig. cols. 2868–2870.

Facts were sufficient to justify Aitken in deeming himself insecure, and he was therefore entitled to possession. Roy v. Goings, 96 Ill. 361, 36 Am. Rep. 151; Hogan v. Akin, 181 Ill. 448, 55 N. E. 137; Botsford v. Murphy, 47 Mich. 536, 11 N. W. 375; Rector-Wilhelmy Co. v. Nissen, 35 Neb. 716, 53 N. W. 670; J. I. Case Plow Works v. Marr, 33 Neb. 215, 49 N. W. 1119; Schouweiler v. Hough, 7 S. D. 163, 63 N. W. 777; Jones, Chat. Mortg. § 431; Cases cited in 9 Century Dig. cols. 2683–2686; 4 Decen. pp. 1069–1072; 7 Cyc. 12 (b).

Aitken being entitled to the possession of the property plaintiff cannot successfully maintain replevin. 7 Cyc. 15.

In claim and delivery, plaintiff's right to possession and defendant's unlawful detention, are the only issues involved, except incidentally, demand, value, and damages, and it is immaterial whether defendant acquired possession in an unlawful manner. Willis v. De Witt, 3 S. D. 281, 52 N. W. 1090; Nichols v. Knutson, 62 Minn. 237, 64 N. W. 391; Kierbow v. Young, 20 S. D. 414, 8 L.R.A. (N.S.) 216, 107 N. W. 371, 11 Ann. Cas. 1148; Cases cited in 42 Century Dig. cols. 2100, 2125.

The taking of the property away from plaintiff was without resistance, and accomplished in a peaceable manner. Bordeaux v. Hartman Furniture & Carpet Co. 115 Mo. App. 556, 91 S. W. 1020.

In claim and delivery where the mortgagor's right of possession is devested by maturity of the debt and default in payment before trial, the mortgagor can, as against the mortgagee, recover nothing beyond such damages as he may have sustained up to the time of default in payment. He is not entitled to judgment for the return of the property or its value. Deal v. D. M. Osborne & Co. 42 Minn. 102, 43 N. W. 835; Jones, Chat. Mortg. § 437; Ferris v. Johnson, 136 Mich. 227, 98 N. W. 1014; 9 Century Dig. cols. 2611, 2614, 2551; 4 Decen. Dig. p. 1085; 7 Cyc. 16–18; Finley v. Cudd, 42 S. C. 121, 20 S. E. 32; Brook v. Bayless, 6 Okla. 568, 52 Pac. 738.

In a proper action the mortgagee is entitled to have his money debt deducted from the damage sustained by the mortgagor through a wrongful taking, and this without pleading a counterclaim. Cushing v. Seymour & S. Co. 30 Minn. 301, 15 N. W. 249; Brink v. Freoff, 44 Mich. 69, 6 N. W. 94; Lovejoy v. Merchants' State Bank, 5 N. D. 623, 67 N. W. 956; Angell v. Egger, 6 N. D. 398, 71 N. W. 547; Woodruff v. King, 47 Wis. 261, 2 N. W. 452; Lloyd v. Goodwin, 12 Smedes & M. 223; 7 Cyc. 17, and cases cited; Cases cited in 9 Century Dig. col. 2614; 42 Century Dig. col. 2409; Rev. Codes 1905, §§ 6585, 7075, Comp. Laws 1913, §§ 7168, 7682.

Where the evidence establishes that the property is separate chattels, in no way dependent upon one another for their value, judgment in the aggregate cannot be given in case it cannot all be returned. Wallace v. Cox, 94 Neb. 194, 47 L.R.A.(N.S.) 835, 142 N. W. 891, Ann. Cas. 1914D, 109; First Nat. Bank v. Calkins, 16 S. D. 445, 93 N. W. 646.

*H. A. Libby,* for respondent.

Plaintiff not only had the lawful and peaceable possession of the property in question under the terms of the mortgage and the laws of this state, but he was dispossessed of the same by the defendants in a wrongful, unlawful, and malicious manner. Jones, Chat. Mortg. 2d ed. p. 705.

Where a person has been so disposed of property, replevin or claim and delivery lies for its recovery. Thornton v. Cochran, 51 Ala. 415.

A mortgagee so taking property from the mortgagor, under the so-called "insecurity clause" of the mortgage, and without actual, existing, and substantial reasons for such action, and without legal process, is a trespasser, and he cannot escape the consequences of his trespass on the

ground of an express power contained in such mortgage. Street v. Sinclair, 71 Ala. 110; Thorn v. Kemp, 98 Ala. 425, 13 So. 749.

Where a mortgagor refuses to surrender possession of property covered by a mortgage containing such insecurity clause, when demand is made by a constable who asserts that it is his duty as an officer of the law to take the property, and the mortgagor thereupon ceases to resist, and the property is surrendered, such act does not constitute a voluntary turning over of the property by the mortgagor. Street v. Sinclair, 71 Ala. 110; Thorn v. Kemp, 98 Ala. 425, 13 So. 749; Kidd v. Johnson, 49 Mo. App. 486; Cole v. Wabash, St. L. & P. R. Co. 21 Mo. App. 443; Cobbey, Replevin, §§ 447, 453; Kilpatrick v. Haley, 13 C. C. A. 480, 27 U. S. App. 752, 66 Fed. 133.

The taking of property by color of legal process is, in fact, taking by force, and is a trespass, and it is no excuse to the officer that the owner yielded. McClure v. Hill, 36 Ark. 268; Niven v. Burke, 82 Ind. 455; First Nat. Bank v. Teat, 4 Okla. 454, 46 Pac. 474.

Under such a mortgage, the mortgagee has not the arbitrary right to take possession of the property, but reasonable and real grounds must exist, and even then, he must resort to his legal remedies, and not resort to force, violence, or fraud. 7 Cyc. 12–14; Pray v. Cadwell, 50 Mich. 222, 15 N. W. 92; Rector-Wilhelmy Co. v. Nissen, 35 Neb. 716, 53 N. W. 670; Ferris v. Johnson, 136 Mich. 227, 98 N. W. 1014; Humpfner v. D. M. Osborne & Co. 2 S. D. 310, 50 N. W. 88; Brashier v. Tolleth, 31 Neb. 622, 48 N. W. 398.

This case, by stipulation, was tried to the court without a jury. The court's findings in such cases have the same weight and force as the verdict of the jury, and will not be disturbed on appeal, where there is no competent and substantial evidence to support them, even though there is a conflict in the evidence. Caledonia Gold Min. Co. v. Noonan, 3 Dak. 189, 14 N. W. 426, 121 U. S. 393, 30 L. ed. 1061, 7 Sup. Ct. Rep. 911; Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454; Phillip Best Brewing Co. v. Pillsbury & H. Elevator Co. 5 Dak. 62, 37 N. W. 763; Smith v. Tosini, 1 S. D. 641, 48 N. W. 299; Paddock v. Balgord, 2 S. D. 103, 48 N. W. 840; Cannon v. Deming, 3 S. D. 431, 53 N. W. 863; Duggan v. Davey, 4 Dak. 110, 26 N. W. 887, 17 Mor. Min. Rep. 59; State ex rel. Morrill v. Massey, 10 N. D. 154, 86 N. W. 225; Nichols

& S. Co. v. Stangler, 7 N. D. 102, 72 N. W. 1089; Axiom Min. Co. v. White, 10 S. D. 202, 72 N. W. 462; Magnusson v. Linwell, 9 N. D. 157, 82 N. W. 743; Flath v. Casselman, 10 N. D. 420, 87 N. W. 988; Bissonette v. Barnes, 4 N. D. 311, 60 N. W. 841; Bressler v. Stanek, 10 S. D. 625, 74 N. W. 1118; Seim v. Smith, 13 S. D. 138, 82 N. W. 390.

In such cases, where the evidence is evenly balanced, or nearly so, the appellate court will favor the view of the evidence adopted by the trial court. Nichols & S. Co. v. Stangler, 7 N. D. 102, 72 N. W. 1089.

In such cases, it will be presumed on appeal that the decision of the trial court upon the weight of the evidence is correct. Randall v. Burk Twp. 4 S. D. 337, 57 N. W. 4; Webster v. White, 8 S. D. 483, 66 N. W. 1145; Reid v. Kellogg, 8 S. D. 601, 67 N. W. 687; Hulst v. Benevolent Hall Asso. 9 S. D. 147, 68 N. W. 200; Farwell v. Sturgis Water Co. 10 S. D. 421, 73 N. W. 916; Reagan v. McKibben, 11 S. D. 274, 76 N. W. 943, 19 Mor. Min. Rep. 556; Christ v. Garretson State Bank, 13 S. D. 24, 82 N. W. 89; First State Bank v. O'Leary, 13 S. D. 206, 83 N. W. 45; Charles Betcher Co. v. Cleveland, 13 S. D. 349, 83 N. W. 366; Henderson v. Hughes County, 13 S. D. 582, 83 N. W. 682; Krueger v. Dodge, 15 S. D. 166, 87 N. W. 965; Caulfield v. Bogle, 2 Dak. 464, 11 N. W. 511; Herbert v. Northern P. R. Co. 3 Dak. 38, 13 N. W. 349; Moline Plow Co. v. Gilbert, 3 Dak. 255, 15 N. W. 1; Franz Falk Brewing Co. v. Mielenz Bros. 5 Dak. 136, 37 N. W. 728; Finney v. Northern P. R. Co. 3 Dak. 282, 16 N. W. 500.

The losing party has no redress on error, except for the wrongful admission or rejection of evidence, where a jury is waived, and there is testimony raising a controversy, and the court finds generally for the other party. Hughes County v. Livingston, 43 C. C. A. 541, 104 Fed. 306; Eli Min. & Land Co. v. Carleton, 47 C. C. A. 167, 108 Fed. 25.

Nor will findings be disturbed merely because they are based upon unsatisfactory evidence. First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362.

Such findings when supported by substantial evidence are conclusive. Hostetter v. Brooks Elevator Co. 4 N. D. 357, 61 N. W. 49.

Nor does the number of witnesses change the rule. Grewing v. Minneapolis Threshing-Mach. Co. 12 S. D. 127, 80 N. W. 176; Hill v. Whale Min. Co. 15 S. D. 579, 90 N. W. 853; Ricker v. Stott, 13 S. D.

210, 83 N. W. 47; State ex rel. McClory v. McGruer, 9 N. D. 566, 84 N. W. 363; State ex rel. Morrill v. Massey, 10 N. D. 154, 86 N. W. 225.

BRUCE, J. (after stating the facts as above). In the case before us the findings of the court have the same effect as those of a jury. We cannot say that there is not only some, but much competent and creditable, testimony in support thereof, and such being the case, we are bound thereby. Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454.

We are not called upon to decide in this case the much mooted question whether a belief in the insecurity of the debt, which is not founded upon the fact, will justify the taking possession of the property by the mortgagee before the maturity of the debt, nor are we required to pass upon the question as to whether a clause in a mortgage to the effect that the mortgagee may take possession of the property "whenever he shall chose to do so" will be enforced by the courts or be repudiated upon grounds of public policy. It is enough for us to say and to hold, as we must and should, that a mortgagee in such a case is not authorized by the law or by the contract to take other than quiet and peaceable possession of such property, or possession by means of some legal remedy such as claim and delivery. If he takes possession of it either by force or fraud he is a trespasser. Thornton v. Cochran, 51 Ala. 415; Street v. Sinclair, 71 Ala. 110; Thorn v. Kemp, 98 Ala. 425, 13 So. 749; Kidd v. Johnson, 49 Mo. App. 486; Kilpatrick v. Haley, 13 C. C. A. 480, 27 U. S. App. 752, 66 Fed. 133; McClure v. Hill, 36 Ark. 268; First Nat. Bank v. Teat, 4 Okla. 454, 46 Pac. 474; 7 Cyc. 12–14. Cobbey, Chat. Mortg. §§ 493, 870; Ford v. Ransom, 39 How. Pr. 429.

Not only does he become a trespasser in such a case, but, when such seizure is accompanied by malice, under the provisions of § 6721, Compiled Laws of 1913, being § 4695, Rev. Codes 1895, § 6145, Rev. Codes 1905, the wrongful act extinguishes his lien, and in any subsequent action in claim and delivery, whether brought by himself or against him by the person wronged, he can no longer assert or rely upon it. There is therefore no merit in defendant's contention that all the damages that can be recovered in this case is the value of the use of the property

30 N. D.—19.

from the time of its seizure to the time of the maturity of the mortgage debt, if debt there was.

The seizure was actuated by malice, and accomplished by force and fraud, and was therefore wrongful. Such wrongful seizure extinguished the lien of the mortgage, and therefore the plaintiff was entitled to the possession of the property. It is true that § 6721, Compiled Laws of 1913, provides that even in such a case and provided the debt secured is a valid one, "in an action *for the conversion* of personal property, the defendant may show in mitigation of damages the amount due on any lien to which the plaintiff's rights were subject, and which was held or paid by the defendant or any person under whom he claims." The action before us, however, is one in claim and delivery, and not in conversion. Technically speaking, it is an action of replevin or detinue. See Willis v. DeWitt, 3 S. D. 281, 52 N. W. 1090; Dow v. Dempsey, 21 Wash. 98, 57 Pac. 355.

The mere fact that the statute provides for a recovery of the value of the property in case delivery cannot be made does not change the action into one of conversion or of trespass. Dow v. Dempsey, supra. At the time of the beginning of the action of claim and delivery, the lien had been extinguished by the force of the statute, and no claim of possession could be made by the defendant under his alleged notes and chattel mortgage, even if the same were valid. So, too, in the case at bar, there is no attempt made to plead the facts which are attempted to be relied upon in mitigation of damages, and that such facts must be specially pleaded is well settled. Phillips on Code Pleading, § 385, p. 396; 5 Enc. Pl. & Pr. 773. It is true that the answer mentions the mortgage, but the mortgage is merely mentioned and relied upon as an excuse for the seizure. There is no attempt to plead or prove the mortgage debt in mitigation of damages. All the defendant asks for, indeed, is for judgment to the effect that he is entitled to the possession of the property. Such being the case, and the lien of the mortgage being extinguished, the contention of the defendant that all that the plaintiff can possibly recover is the value of the use of the property between the time of the seizure and the time when the alleged mortgage debt became due, which was sometime after the seizure but before the trial, can have no foundation.

We are not unmindful of the case of Lovejoy v. Merchants' State Bank, 5 N. D. 623, 67 N. W. 956, which held that in an action of con-

version the amount secured by the mortgage might be offset or pleaded in mitigation of damages. That case, however, was an action of conversion, and was specifically treated as such. The opinion was handed down in a case which arose under § 1718 of the Civil Code of 1877, which section contented itself with merely declaring the lien extinguished, although the appeal was argued after the section was amended by § 6145, Rev. Codes 1905, § 6721, Compiled Laws of 1913, which provided that "in an action for the conversion of personal property the defendant may show in mitigation of damages the amount due on any lien to which the plaintiff's rights were subject, and which was held or paid by the defendant or any person under whom he claims." The decision held that in order to avoid a circuity of actions, and on account of the fact that the general rule of a necessity of a possession in the defendant at the time of the beginning of the action did not apply to actions for damages, the defendant in an action for conversion would be allowed to recoup the value of the specific lien, and that he might likewise mitigate the damages by limiting the plaintiff's recovery to the amount which would compensate him for the actual loss to him by such conversion. The court, however, emphasized the fact that the action was one of conversion, and distinguished the case then at bar from that of Everett v. Buchanan, 2 Dak. 249, 6 N. W. 439, 8 N. W. 31, by stating that the former action was one in claim and delivery. This very distinction the legislature seems also to have made and intended in the amendment contained in § 4695, Rev. Codes 1895, § 6145, Rev. Codes 1905, § 6721, Compiled Laws of 1913, which puts in statutory form the rule announced in Lovejoy v. Merchants' State Bank, supra, and which seems to have as expressly limited the right to actions in conversion as did the opinion just cited.

We have no fault to find with the trial court's estimate of the value of the property, nor with his assessment of damages. There was, it is true, a conflict in the testimony, but there was sufficient evidence on which the court could base its findings. Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454; First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; State ex rel. Morrill v. Massey, 10 N. D. 154, 86 N. W. 225.

Appellant contends that where the evidence establishes that the property consists of separate chattels which are in no way dependent upon one another for their value, a judgment cannot be rendered for the ag-

gregate value of the property in case it cannot all be returned. This objection would, no doubt, be good in some jurisdictions. The rule, however, which it announces, has no application in North Dakota, or rather no application under the record in the case at bar. As intimated by us in the case of Smith v. Willoughby, 24 N. D. 1, 138 N. W. 7; "it does not seem . . . that under our peculiar statute such specific valuation is necessary except where it is demanded upon the trial and the jury are° instructed to ascertain the same." See §§ 7036 and 7075, Rev. Codes 1905, being §§ 7635 and 7682, respectively, of the Compiled Laws of 1913. See also 34 Cyc. 1535. There was no demand for a specific valuation in the case at bar. There was therefore no error in finding the value in the aggregate.

So, too, although the judgment was in the aggregate, there was a specific finding of fact as to the value of each chattel which was taken, and if the motion or demand had been made in the court below, we have no doubt that the learned trial judge would have changed the judgment into a specific form.

The judgment of the District Court is affirmed.

BURKE, J.: I concur in the result only.