A. R. SMYTHE, as Trustee of the Hilmen Mercantile Company, a
Corporation, Bankrupt, v. JOHN J. MURI.

(158 N. W. 264.)

**Claim and delivery — mortgagee — suit by — prematurely brought — chattels
— possession of — mortgagor — default by — prior to trial — verdict for
mortgagor — for full value — mortgage debt disregarded — contrary to
law.**

1. Where a mortgagee prematurely sues in claim and delivery through which
he obtains possession of the chattels covered by his mortgage before he is by
the terms thereof entitled to such possession, but thereafter and prior to the
trial of the action the mortgagor defaults in payment of the debt, a verdict
finding that the defendant, mortgagor, is entitled to the possession of the
chattels, and awarding him the full value thereof regardless of the mortgage
debt, is contrary to law.

**Claim and delivery — action in — gist of — possession of property — at
commencement of action — right to — change of — before trial — verdict
and judgment should adjust equities — recovery by defendant — actual
damages only.**

2. While the gist of the action in claim and delivery is the right of the
plaintiff to the immediate possession of the property at the commencement of
the action, yet if the right of possession changes between the commencement
of such action and the date of trial, the verdict and judgment should adjust
the equities between the parties as such equities exist at the time of the trial.
It is accordingly held under the established facts in the case at bar that
defendant was entitled to recover from the plaintiff only his damages for the
unlawful detention of the property and costs of the action.

Opinion filed May 22, 1916.

Appeal from the District Court of Pierce County, *A. G. Burr,* J.

From an order denying plaintiff's motion for a new trial, he appeals.
Reversed.

*Victor Wardrope (Cowan & Adamson* and *H. S. Blood,* of counsel),
for appellant.

A mortgagee of personal property has the right of possession at any
time, under a mortgage which provides that the mortgagee may take
possession "whenever it may choose to do so;" upon exercising such right.
Jones, Chattel Mortg. p. 191; Russell v. Fillmore, 15 Vt. 130; Comp.

Laws 1913, §§ 6740, 6758; Wells v. Chapman, 59 Iowa, 658, 13 N. W. 841; Rich v. Milk, 20 Barb. 616.

Where the mortgage contains the usual "insecure clause," the mortgagee may take possession. 7 Cyc. 13, and cases cited.

The mortgagee's right to possession came into existence, in any event, before the trial of the action, and at the time of trial the mortgagee was entitled to possession. Therefore, verdict and judgment on trial in favor of the mortgagor were and are contrary to law. See Deal v. D. M. Osborne & Co. 42 Minn. 102, 43 N. W. 835.

Even if defendant had been entitled to a verdict for possession, the alternative part of the verdict should have been only for the value of defendant's interest therein, and not for the full value of the property. Code, § 7635; 7 Cyc. 17, and cases cited; Lovejoy v. Merchants' State Bank, 5 N. D. 623, 67 N. W. 956, and cases there cited; Force v. Peterson Mach. Co. 17 N. D. 220, 116 N. W. 84; Comp. Laws 1913, §§ 6721, 7635; Angell v. Egger, 6 N. D. 391, 71 N. W. 547; Wadsworth v. Owens, 17 N. D. 173, 115 N. W. 667; Deal v. D. M. Osborne & Co. 42 Minn. 102, 43 N. W. 837; Cushing v. Seymour, S. & Co. 30 Minn. 301, 15 N. W. 249; Torp v. Gulseth, 37 Minn. 135, 33 N. W. 550.

Where the complaint sets forth an indebtedness in a certain amount, a general denial simply denies the same in the amount set forth. Callanan v. Williams, 71 Iowa, 363, 32 N. W. 383; Dillon v. Spokane County, 3 Wash. Terr. 498, 47 Pac. 889; Higgins Carpet Co. v. Latimer, 165 Pa. 617, 30 Atl. 1050; Edgerton v. Power, 18 Mont. 350, 45 Pac. 204; Hall v. Huffman, 32 Mo. 519.

*W. M. Anderson,* for respondent.

After the execution of a chattel mortgage, the mortgagor may agree to a change of possession of the property without a new consideration. This means that when the mortgage is made, the mortgagor is entitled to the possession of the property. A mortgagee cannot take possession whenever he may choose to do so. Comp. Laws 1913, § 6740; Humpfner v. D. M. Osborne & Co. 2 S. D. 310, 50 N. W. 89; 7 Cyc. 12 b; Nash v. Larson, 80 Minn. 458, 81 Am. St. Rep. 272, 83 N. W. 151.

Complaint as to instructions cannot be made where, before they were given, they were submitted to counsel for both parties for inspection and examination, and no objection was made, or request for further or

other instructions.   State v. Fujita, 20 N. D. 555, 129 N. W. 360, Ann. Cas. 1913A, 159; Speer v. Phillips, 24 S. D. 257, 123 N. W. 722.

No question not presented to the lower court in some form at the trial, and some ruling had thereon, can be raised on appeal.   McCabe v. Desnoyers, 20 S. D. 581, 108 N. W. 341; Hatcher v. Northwestern Nat. Ins. Co. 106 C. C. A. 225, 184 Fed. 23; Poirier Mfg. Co. v. Kitts, 18 N. D. 556, 120 N. W. 558.

Nor will a judgment be disturbed or reversed on any theory not advanced and relied upon in the trial court.   McPherson v. Julius, 17 S. D. 98, 95 N. W. 428; Delaney v. Western Stock Co. 19 N. D. 630, 125 N. W. 499; also Houghton Implement Co. v. Vavowski, 19 N. D. 594, 125 N. W. 1024.

Fisk, C. J.   Plaintiff, as trustee in bankruptcy of the Hilmen Mercantile Company, brought this action to recover the possession of certain personal property covered by a chattel mortgage given by defendant to such company.   The action was instituted in June, 1913, and the promissory notes, aggregating the sum of $2,700, which were secured by such mortgage, were on their face not due until October 1, 1913.   In his complaint plaintiff asserted his right to the immediate possession of the securities under the usual insecurity clause in the mortgage authorizing the mortgagee to take possession and foreclose whenever it deemed itself unsafe or insecure.   The mortgage contains other stipulations authorizing the mortgagee, for stated reasons, to accelerate the due date of the indebtedness at its option; but neither by the complaint nor the proof are such grounds relied on, and we for that reason do not consider them.   The sole theory upon which the case appears to have been tried by plaintiff in the lower court is that the mercantile company as such mortgagee had reason to deem, and in fact did in good faith deem, said debt unsafe and insecure, and acting on the authority given in the mortgage it elected to treat the indebtedness as due, and to foreclose its mortgage; the object of this action being to recover possession of the chattels for the purpose of such foreclosure.   Indeed the only issue contested at the trial was plaintiff's right to proceed under such insecurity clause, and under the well-settled rule of this court the parties will not be permitted to now raise other questions or to advance new theories.

The cause was not tried until about February 1st, 1915, being sixteen

months after the maturity of the debt. The jury found in defendant's favor, and in accord with the court's instructions returned a verdict finding that he is entitled to the possession of the property described in the complaint, and fixing the value, at the time of the taking by the plaintiff, at the sum of $1,100. This, in the face of the established fact that the Mercantile Company at that time held a past-due mortgage thereon upon which there was owing a sum considerably more than double the value of such chattels. Upon such verdict a money judgment was ordered and entered in defendant's favor for $1,100 and costs.

Plaintiff moved for a new trial on the grounds of insufficiency of the evidence to sustain the verdict and that the verdict is against law; also errors in law occurring at the trial, which motion was denied, and the appeal is from the order denying such motion.

We are agreed, for reasons hereinafter stated, that the learned trial court erred in denying such motion. Briefly stated, our reason for this conclusion is that the verdict is clearly against law. In the light of the above facts the verdict and judgment are manifestly unjust and inequitable, and cannot be sustained. Conceding, as was found by the jury, that plaintiff was not, at the date of the commencement of the action, entitled to the possession of these chattels, still at the date of the trial it was established beyond peradventure that he was entitled to such possession, and in view of the fact that the indebtedness far exceeded the value of such personalty, the only proper verdict and judgment which could have been rendered in defendant's behalf was for such damages as he may have sustained for the unlawful detention of the property up to October 1, 1913, the maturity of the mortgage debt, and the costs of the action. This is too firmly settled to be now open to serious controversy. See McDonald v. Schantz, 44 Okla. 648, 146 Pac. 36; Brook v. Bayless, 6 Okla. 568, 52 Pac. 738; Deal v. D. M. Osborne & Co. 42 Minn. 102, 43 N. W. 835; Chase Bros. Piano Co. v. Conners, 182 Ill. App. 418; Farwell v. Hanchett, 120 Ill. 573, 11 N. E. 875; Wildman v. Radenaker, 20 Cal. 616; Angell v. Egger, 6 N. D. 391, 71 N. W. 547; Cobbey, Replevin, 2d ed. §§ 1124 and 1148, and cases cited. See also note to Steidl v. Aitken, 30 N. D. 281, L.R.A.1915E, 192, 152 N. W. 276; and State Bank v. Hurley Farmers' Elevator Co. 33 N. D. 272, 156 N. W. 921.

We quote from McDonald v. Schantz, 44 Okla. 648, 146 Pac. 36, as

follows: "The court found, and so instructed the jury, that at the commencement of the action the plaintiff was entitled to the immediate possession of the property and to damages for the wrongful detention thereof. Subsequent to the commencement of the action, but before trial, the plaintiff made default in the payment of the debt secured by said mortgage. The defendant was therefore entitled to possession of said property in order to satisfy his lien. It would have been inequitable for the court to have refused to allow the defendant to assert his right to the possession of the property, and to have compelled him, immediately after the termination of this action, to institute another action to replevin the property, in order to subject it to his lien. True, the gist of the action is the right of the plaintiff to the immediate possession of the property at the commencement of the action, but if the title or right of possession to the property changes subsequent to the commencement of the action, and prior to the date of the trial, the judgment should adjust the equities between the parties as such equities exist at the time of the trial; the adjustment of such equities being necessary for a final and complete determination of the controversy."

In Brook v. Bayless, 6 Okla. 568, 52 Pac. 738, the supreme court of Oklahoma also said: "Even though the rights of the defendants in error to the possession of the property terminated before the trial of the cause, if they were entitled to the possession when the action was commenced and the property was at and before the commencement of the action wrongfully withheld from them by the plaintiff in error, they were entitled to a verdict, not for a return of the property, but for the value of their interest therein and for damages and costs. (Cobbey, Replevin, § 1124.)

"The judgment in the replevin should, so far as possible, adjust all the equities which arise between the parties to the suit in its progress. (Cobbey, Replevin, § 1148.) The gist of the action of replevin, and that which determines the right of the plaintiff to a judgment, is his right to the immediate possession of the property at the commencement of the action, and if the title or rights of the parties to the property should change *pendente lite,* the judgment should adjust the equities between the parties, as such equities stand at the time of the rendition of the judgment."

And in Deal v. D. M. Osborne & Co. we quote from the Minne-

sota court as follows: "In replevin, where a plaintiff's title or right of possession is legally devested after suit brought, and before trial, he can, as against the owner or person entitled to the possession, recover nothing beyond costs, and such damages as he may have sustained up to the time his title or right of possession was devested, and the court will always hear evidence to show such change in the ownership or right of possession, which makes it improper to award a return, or full value as damages for a failure to make return. But even if the execution of the Cater mortgage did not give defendants the right to the possession of the property, yet clearly the alternative value which plaintiff was entitled to, in case a return could not be had, was not the full value of the property, but merely of her interest in it, which was the value less the amount of defendants' mortgages, analogous to the rule which obtains in actions for wrongful conversion. Cushing v. Seymour, S. & Co. 30 Minn. 301, 15 N. W. 249; Torp v. Gulseth, 37 Minn. 135, 33 N. W. 550. Otherwise a plaintiff, in case he collected the judgment for the alternative value, would have the full value of the mortgaged property without having paid the mortgage. Of course, if he had a return of the specific property, he would hold it, as before, subject to the lien of the encumbrance. For this error in the charge of the court a new trial must be had."

The above authorities are in harmony with the rule of our Code § 7635, Compiled Laws, which provides: "In an action for the recovery of specific personal property the jury must find by their verdict the facts as the case may be as follows. . . . 3. In case they find against the plaintiff and the property has been delivered to him, and the defendant in his answer claims a return of the property, they must find the value thereof, *or of the defendant's interest therein, if less than its full value,* at the time of the taking, and they must also assess the damages, if any are claimed in the answer, which the defendant has sustained by reason of the taking and detention of such property."

They are also in harmony on principle with the somewhat analogous and well-settled rule that where a mortgagee has converted the security, he may, in an action for such conversion, plead and prove, in mitigation of damages, the amount of the mortgage indebtedness at the date of the conversion.

It is for the above reasons entirely clear, we think, that even if

the action was prematurely brought and defendant thereby wrongfully deprived of the possession of his property from June until October, 1913, still at the time of the trial and for a long time prior thereto his right to such possession had ceased. Hence he was at the date of the verdict and judgment neither entitled to a return of the property nor to its value, but only to damages for its unlawful detention and to costs as above stated.

There is considerable force to appellant's contention that the evidence is insufficient to support the verdict upon the question as to whether at any time plaintiff's possession was wrongful. However, we deem the evidence sufficient to require its submission to the jury, and we are not prepared to decide that the trial court abused its discretion in refusing to interfere with the verdict on such ground. In view of another trial at which the evidence may not be the same as at the last trial, we deem it unnecessary to say more on this point; nor do we deem it necessary to notice the other specifications, as the questions involved are either eliminated by our holding herein, or they will probably not arise on the next trial.

The order appealed from is hereby reversed and the cause remanded for further proceedings according to law. Appellant to recover his costs of the appeal.