## S. D. SMITH v. W. H. WOODLEAF.

1. TENDER, *Before Action Brought.* A tender otherwise sufficient to change a rightful into a wrongful possession of property must, in order to avail a plaintiff in an action to recover such property, be made before the commencement of the action.

2. TENDER, *After Action Begun.* A tender made after the filing of the petition and the issue of process, and by the officer who has the process in his possession, is not made before the commencement of the action.

3. ——— *Costs in Replevin.* By statute, the costs in a replevin action follow the judgment, and are not discretionary with the court.

*Error from Franklin District Court.*

ACTION of replevin brought by *Smith* against *Woodleaf*, to recover possession of certain cattle. Trial at May Term, 1878, of the district court, and judgment against *Smith*, who brings the case here.

*John W. Deford*, for plaintiff in error.

*Benson & Parkinson*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin to recover some cattle. The answer was a general denial. The jury returned a verdict for defendant, finding the right of posses-

sion to have been in him at the commencement of the action, and the value of such possession $15.66.

The following statement, incorporated in a bill of exceptions, presents the questions:

"On and during the trial of this action, it was admitted in evidence by the parties that, after the filing of the petition, affidavit and bond in replevin, of which copies are hereto attached, marked 'A' and 'B,' respectively, and made a part hereof, and issuance and delivery of the summons and order of delivery herein to the officer, Philip Devore, who served the same; but before said officer made service thereof, said Devore, at the request and by the authority of the plaintiff, Smith, and as his agent for that purpose, demanded of said defendant Woodleaf the cattle herein replevied, mentioned in the petition herein; whereupon said Woodleaf (then being without actual notice that said petition, bond and affidavit had been filed and said writ issued to said Devore) refused to give up the said cattle, claiming to hold them under the statutes of Kansas, in such cases made and provided, for damages done by them to his corn, and that he had seized them while doing such damages; whereupon then and there said officer Devore, as such agent, and at the request and by the authority of the plaintiff, and with his (plaintiff's) money, tendered to said Woodleaf the sum of $25 (twenty-five dollars), lawful money of the United States, as the full amount of said damages, and in payment thereof, which said Woodleaf then and there refused to accept or to deliver up to said Devore, as such agent, said cattle (though said Devore was authorized then and there to receive the same, as said Woodleaf was then informed by said Devore); thereupon the said Devore, still claiming to act as the agent of the plaintiff, but in fact having no authority so to do, tendered to the defendant for the same purpose the sum of thirty dollars, lawful money, which said Woodleaf then and there also refused to accept — the said Smith having in fact authorized said Devore to tender no more than the said sum of $25, but said Woodleaf did not know of that fact; thereupon then and there said Devore served said summons on said Woodleaf and seized said cattle under the order of delivery aforesaid, as shown by the returns thereon; thereupon then and there said Woodleaf offered to accept and receive the said $30 so tendered to him in full of said damages, and release his said claim on said cattle, but said Devore then and there refused

to pay the said $30, but as such officer drove away said cattle from the farm and possession of said Woodleaf. And after the testimony adduced on said trial had closed and this cause had been argued by counsel, the Hon. N. T. Stephens, presiding judge of said court, charged the jury *as to the said tender* in the following words, viz.: 'Gentlemen of the jury, the tender question does not arise in this case; you will pay no attention to it;' to which part of said charge the plaintiff excepted, and no other or further charge or instruction was given to the jury, or asked for by either party, on the subject of such tender."

After the overruling of the motion for a new trial, plaintiff presented a motion to tax all costs which accrued in the cause subsequently to the tender against Woodleaf; but the court denied it, and Smith again excepted.

The errors alleged are —

1. The court erred in instructing the jury that the tender question did not arise in the cause, and to pay no attention to it.

2. In refusing to tax the costs which accrued after the tender against the defendant.

It appears from the statement that the defendant did not claim to be the owner of the cattle, but only claimed the right of possession, the right given by § 33, p. 494, of the General Statutes, to detain trespassing cattle until the payment of damages. Upon this it is broadly claimed, that until after an assessment of these damages by fence viewers, no tender avails to discharge this right of possession; and secondly, that even if this be not correct, the tender must be made before the commencement of the replevin action. We shall not stop to examine the first proposition, passing it with the single remark that if under our statutes a tender of sufficient amount does not operate to discharge the right of possession, even at the very moment it attaches, it ought to, and the statutes ought to be so amended as to secure this right to the owner of the cattle. But the second proposition we think is correct, and that, to avail the plaintiff, a tender oth-

erwise sufficient to discharge the defendant's right of posses-sion must be made before the commencement of the action. It has been repeatedly decided by this court, that the gist of the action of replevin is the wrongful detention, and that this relates to the time of the commencement of the action. (*Town of Leroy v. McConnell*, 8 Kas. 273; *Brown v. Holmes*, 13 Kas. 482.) This last case is exactly in point. True, it was a case of demand, and not of tender, but that which is true of the former is also true of the latter. If a demand after the commencement of a suit is powerless, for the purposes of such suit, to change a rightful into a wrongful possession, equally so is a tender after suit. The plaintiff cannot create his right of action after suit brought. The question is, whether when he commenced he had a cause of action, and if he did not, he must fail. He determines the time of com-mencing, and it would be strange if after commencing he could create a right of action which did not exist when he commenced, and enforce it against the defendant. To avoid the effect of this, counsel for plaintiff claims that the suit was not commenced until after the service of the summons and the order of delivery, and cites the case of *Badger v. Phinney*, 15 Mass. 359. We have already decided the other way, in *Brown v. Holmes*, supra. There, after the filing of the petition and the issue of process, an agent went with the officer who had the process and made a demand before any service was attempted, and we held the demand too late. It was after the commencement of the suit. No tender is claimed in this case, except as made after the filing of the petition and the issue of process, and by the officer who had the process in his pocket and whose duty it was to serve it. It does not appear from anything in the statement that if defendant had accepted the tender, the process would have been returned not served, or the suit abated. In the absence of instructions from the plaintiff to the contrary (and none such are shown), it would have been the officer's duty to serve the process, and the suit would continue. The defendant

would have been compelled to employ counsel to defend his rights, or a judgment might have been rendered against him for costs exceeding the amount tendered and received.

Counsel further contends that for some purposes the law ignores fractions of a day, and that acts done the same day are to be considered as done at such moment thereof as will most accord with the truth and justice of the case. We fail to see what difference in principle it will make, whether the service and tender are made the same day that the petition is filed, or on some succeeding day. Neither party's rights would be changed or conduct affected. And the truth of the case certainly requires that that which is shown to have been done after the other, shall be held to have been so done. Nor do we see anything in the conduct of the plaintiff to entitle him to any special sympathy, or which would justify any straining of facts or law to relieve him. The defendant's conduct may have been no better. Indeed, the case is one in which the court can enforce the strict rules of the law with the least possible regret. But it is with the plaintiff's conduct we have now to do. And it appears that after his cattle had trespassed upon his neighbor's fields and destroyed his corn, without ever offering to pay for the damage they had done, he invokes the aid of the powers and processes of the law, files an untruthful affidavit, to remain as a permanent record of the county, charging wrong upon such neighbor, and sends out an officer with the process in his possession to seize and deliver the cattle. Up to that moment his neighbor had done right, and he had done wrong. Does it lie in his mouth to cry technicality at the rules which visit upon him the consequences of such wrong? "They that seek the sword shall perish by the sword." If the defendant was entitled to the possession of the cattle at the commencement of the action, he was entitled to a judgment for their return or the value of such possession; and in replevin actions the statutes give no discretion to the court as to the matter of

46—21 KAS.

costs, but make them follow the judgment. (Gen. Stat., pp. 746, 747, §§ 589 and 590.)

The judgment will be affirmed.

All the Justices concurring.