Hon. A. G. CURTIN BIERER,
Hon. JNO. L. M'ATEE,
Hon. JOHN. C. TARSNEY,
Hon. JAMES R. KEATON,
} Associate Justices.

---

### OLAF OLSON v. GEORGE W. THOMPSON.
(Filed February 12, 1897.)

1. REPLEVIN. An action of replevin will not lie for the possession of promissory notes unless at the time of the institution of the suit the plaintiff is the owner of or entitled to the possession thereof.

2. PROMISSORY NOTES—*Ownership of.* The maker of promissory notes after delivery is not the owner of or entitled to the immediate possession thereof unless the same have been paid or cancelled by a court, and until such payment or order an action of replevin for the recovery. of the possession thereof will not lie.

3. ACTIONS—*Distinctions Between Actions at Law and Suits in Equity.* While the Legislature has abolished the distinction between actions at law and suits in equity, yet the legislature has not intended thereby to change the nature of the remedies which generally obtain in those jurisdictions where courts of law and chancery are separated.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before*
*Jno. H. Burford, District Judge.*

*C. O. Blake* and *E. E. Blake,* for plaintiff in error.

*F. E. Gillett* and *M. D. Libby,* for defendant in error.

The appellant brought an action of replevin in the district court of Canadian county to recover possession of two promissory notes.  Upon the trial, after the introduction of plaintiff's testimony, defendant demurred, which demurrer was sustained.  To reverse the ruling upon the demurrer plaintiff below appeals.  The opinion states all facts necessary for a proper consideration of the case.

Opinion of the court by

DALE, C. J.:  November 14, 1894, Olaf Olson filed in the district court of Canadian county his petition in replevin to recover the possession of two promissory notes executed by him and payable to George W. Thompson, one note being for $50 and the other for $150.  The petition was an ordinary replevin action describing the notes and alleging ownership and right of possession in Olson.  To this petition a general denial was filed.  Upon the issue so joined the case was tried.  At the conclusion of plaintiff's testimony a demurrer was interposed and sustained, and it is to reverse such ruling of the court below that the case is brought here.

From the evidence it appears that in the month of November, 1894, Olson was arrested and taken before a justice of the peace of Canadian county, charged with the crime of rape; that in a settlement between the parties he paid $50 in cash, and executed the two notes above mentioned.  The evidence which was offered tended to show that the notes were obtained by duress, and it was upon that ground that Olson sought to avoid payment.  The only question in the case which we need consider is, can the relief demanded be obtained through an action of replevin?  To entitle a person to recover possession of specific personal property through an action of replevin, the

plaintiff must establish by evidence either that he is the owner of, or has a special ownership in, the property sought to be replevined, and that he is entitled to the immediate possession thereof. (Section 177, art. 10, code of civil procedure.)

"The gist of the action of replevin is paintiff's right to immediate possession of the property at the commencement of the action." (Colby on Replevin, sec. 12; *Paul v. Hodges*, 26 Kan. 225; *Blue Valley Bank v. Bauer*, 20 Neb. 294.)

If the right of possession is dependent upon the ownership of a promissory note, then it follows that the plaintiff in an action of replevin must prove ownership before he may maintain such action. Does the maker or payee own an unpaid promissory note? There can be but one answer to this question. The payee is the person to whom the obligation is given and until satisfied he is unquestionably the owner thereof and entitled to its possession, nor does the rule change because there may be a defense to the payment of the note. Upon its face the note purports an obligation and where a contract is *prima facie* valid, full credit will be given to it until its effect has been avoided in a court competent to deal with the subject and the contract held to be invalid as between the parties who executed it. After a promissory note has been paid then the ownership vests in the payor, and in such case we have no doubt replevin would lie for the recovery of possession, or where such an instrument has been lost and is in the hands of a person who has no interest in the contract, then the owner may, by an action in replevin recover possession, and the same rule is applicable with all other classes of securities. They are personal property and made such by our statute,

and any personal property may be recovered in an action of replevin, provided the person instituting the suit is the owner of such property and entitled to the possession thereof; but, in the case we are now considering, the ownership of the notes in question was not in the plaintiff, but in the payee of the notes.

If we are correct in the prinicple of law as stated it must follow that Olson was neither the owner nor entitled to the possession of the notes replevined until he had paid them or until a court of equity had by its judgment set aside the contract of payment, and it follows that an action of replevin would not lie in his favor to recover such notes.

It is contended that it is immaterial what the form of the action was, that the distinction between actions at law and suits in equity having been under our code abolished, the court below should have considered the evidence which tended to show duress and fraud in the procurement of the notes, and rendered his judgment upon the merits. Notwithstanding the legislature has abolished the distinction between actions at law and suits in equity yet the legislature has not intended thereby to change the nature of the remedies which generally obtain in those jurisdictions where courts of law and chancery are separate, nor could they do so if they wished, as it would be in mose instances impossible to obtain relief in an action at law where such relief must come through the equitable powers of the court. And perhaps no better illustration than the present case can be found, that will demonstrate the fact that the pleader must at all times bear in mind that proceedings for equitable relief must in their very nature be different from actions at law.

In this case if Olson had commenced his action by filing a petition disclosing the facts as claimed by him, he would have been entitled to relief through the equitable powers of the court not because he was the owner of or entitled to the possession of the notes but because he had been compelled to enter into a contract under duress, and the notes had been obtained from him by fraud. But the notes belong to the payee until fraud had been established, and until then Olson was neither the owner of or entitled to the possession of them, and consequently could not obtain or recover such possession. The lower court could not, in an action of replevin, relieve against a fraudulent contract, as such an issue cannot be raised in that character of an action. The equitable powers which inhere in a court must be invoked in a proper action, before a contract valid and binding upon its face could be avoided.

Counsel in their briefs discuss at length the sufficiency of the evidence in support of the claim of Olson to the effect that he signed the notes under duress. Under the view we take of this case, it is not necessary for us to pass upon the question thus raised.

The judgment of the lower court is affirmed.

All the Justices concurring.