## FIDELITY TRUST CO. v. PUMROY, *Sheriff*.

No. 3424.    Opinion Filed September 22, 1914.    Rehearing Denied December 22, 1914.

(145 Pac. 1052.)

1.    TAXATION—Tax Liens—Priorities—Chattel Mortgages.   A lien for taxes upon the property of the tax debtor is inferior to that of a chattel mortgage lien antedating the time the tax lien attaches.

2.    REPLEVIN—Sale Pending Action—Validity.   Property taken under a writ of replevin is in custodio legis.   A sale thereof by the plaintiff pending the suit, and an application of the proceeds to the payment of the mortgage debt sought to be enforced, is wrongful, and in no way affects the issues in the cause.

(Syllabus by the Court.)

Kane, C. J., dissenting.

*Error from County Court, Pawnee County;*

*Fred S. Liscum, Judge.*

Action by the Fidelity Trust Company, a corporation, against C. I. Pumroy, as sheriff of Pawnee County. Judgment for defendant, and plaintiff brings error. Reversed and rendered.

*Martin, Bush & Murry,* for plaintiff in error.

*Redmond S. Cole,* for defendant in error.

TURNER, J. On August 25, 1907, plaintiff in error, the Fidelity Trust Company, sued C. I. Pumroy, as sheriff of Pawnee county, in the probate court of that county, in replevin, for 40 head of cattle, of the alleged value of $650, alleging a special ownership therein by virtue of a certain chattel mortgage, and the same were delivered to plaintiff under the writ. After issue joined by general denial, there was trial to the court and judgment for defendant, and plaintiff brings the case here.

There is no dispute as to the facts. The evidence discloses that on March 23, 1907, one Clegg and wife, at Ft. Worth, Tex., executed to plaintiff, as trustee, a chattel mortgage upon 7,300 head of cattle, including those in controversy, to secure an indebtedness of $123,000 due the Continental Bank & Trust Company, evidenced by promissory notes due August 1, and November 1, 1907, respectively. At that time, as the cattle covered by the mortgage were in Clegg's possession and in his pasture in Pawnee county, Okla., said mortgage was duly filed for record in that county on April 20, 1907. The mortgage contained a condition to the effect that, in case the cattle were seized under process of court, the whole debt became at once payable and the mortgagee could foreclose. On May 5, 1907, 933 head of these cattle were assessed by the township assessor of Oteo township in the name of Clegg, the owner, and in August, 1907, an emergency tax warrant was issued by the county treasurer, and 40 head of the cattle in controversy were seized for Clegg's taxes. Thereupon plaintiff brought suit, which resulted as stated; the court finding specifically that defendant, as sheriff, had at the time of the commencement of this action "a lien upon the property replevined by virtue of a tax warrant * * * for

$337.50, * * * and $117.16, penalty and interest," and which said 40 head of cattle the court ordered plaintiff to return, or pay to defendant said sum. This was a finding, in effect, that the lien for taxes was superior to that of the chattel mortgage, although the lien of the latter antedated the time the tax lien attached.

In so holding the court erred, and the judgment is contrary to law. While it was within the power of the Legislature to make the tax lien superior to that of the mortgage, no statute to that effect and in force at that time in this jurisdiction has been called to our attention. 27 Am. & Eng. Enc. Law, 741. In the absence of such a statute, the lien of the chattel mortgage was superior to that of the tax. 37 Cyc. 1145, says:

"It is even within the constitutional power of the Legislature to enact that the tax lien shall take precedence over mortgages or other incumbrances made or given before the enactment of the law creating the tax lien and existing at the date of its passage. But this retroactive construction will not be adopted, unless expressed in terms too plain to be mistaken. The lien of a personal property tax, when sought to be enforced against real estate of the owner, is generally inferior to the lien of existing mortgage. And as to personal property, to which the tax lien does not ordinarly attach until seizure or distraint, such lien is usually subordinate to that of an existing chattel mortgage."

In *Blanchard et al. v. Logan County,* 2 Neb. (Unof.) 516, 89 N. W. 376, in the syllabus it is said:

"A lien for taxes upon the property of the tax debtor is inferior to that of a chattel mortgage lien antedating the time the tax lien attaches."

See, also, *Woolsey v. Chamberlain Banking House;* 70 Neb. 194, 97 N. W. 241; *Chamberlain Banking House v. Woolsey et al.,* 60 Neb. 516, 83 N. W. 729; *Maish v. Bird* (C. C.) 22 Fed. 108; *St. Johns Nat. Bank v. Tp. of Bingham,* 113 Mich. 203, 71 N. W. 588; *Wise et al. v. L. & C. Wise Co.,* 153 N. Y. 507, 47 N. E. 788; *Cooper et al v. Corbin et al.,* 105 Ill. 224.

The cause must therefore be reversed, and that, too, notwithstanding the fact that plaintiff, pending the suit, sold the property taken under the writ and applied the same to payment in full of the mortgaged debt; this for the reason that the property was at that time *in custodio legis,* and the sale and application of the proceeds wrongful, and in no way affected the issues in the case. *Farmers' State Bank v. Stephenson et al.,* 23 Okla. 695, 102 Pac. 992.

Reversed and rendered.

BLEAKMORE, LOOFBOURROW, and RIDDLE, JJ., concur. KANE, C. J., Dissents.