## TULSA RIG, REEL & MFG. CO. v. ARNOLD et al.

No. 6624—Opinion Filed May 15, 1917.

Rehearing Denied July 10, 1917.

(166 Pac. 135.)

(Syllabus by the Court.)

**1. Replevin—Grounds of Action—Possession.**

The gist of the action of replevin is plaintiff's right to the immediate possession of the personal property in controversy at the commencement of the action, by reason of

his being the owner or having a special interest therein. If the evidence fails to establish this right, he cannot recover.

## 2. Same—Recovery—Instruction.

It is reversible error for the trial court to instruct the jury in a replevin action that the plaintiffs were entitled to recover a verdict if at the time the action was instituted they were entitled to the immediate possession of the property, or if the right to such possession was subsequently acquired.

## 3. Contracts—Defense of Duress—Waiver.

Where a party to an action defends against a written agreement on the ground that he entered into said agreement under duress, and where on the trial such party offers to perform the contract and makes tender of the documents theretofore withheld by him, on the claim that the agreement, for the reasons stated, was not binding upon him, such offer of performance and tender constitutes a waiver of the defense that the agreement was entered into under duress.

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Action by John H. Arnold and Elta Arnold against the Tulsa Rig, Reel & Manufacturing Company. Judgment for the plaintiffs, and defendant brings error. Reversed.

Herbert D. Mason (C. H. Rosenstein, of counsel), for plaintiff in error.

Martin & Moss, for defendants in error.

SHARP, C. J. On June 1, 1911, John H. Arnold and Elta B. Arnold commenced their action in replevin against the Tulsa Rig, Reel & Manufacturing Company to recover the possession of certain specified timbers and irons which formed the parts of certain "rig patterns." The plaintiffs alleged in the ordinary form that they were the owners and entitled to the immediate possession of said property, which is described with much detail. The defendant answered, alleging that on May 13, 1911, and subsequent to the date of the transaction through which plaintiffs claimed to be entitled to the property, the parties to the action entered into an agreement by the terms of which the property was not to be delivered until the plaintiff John H. Arnold should turn over and deliver to the defendant certain papers in his possession relating to the defendant company's business; also that the property was not to be turned over until $300 was paid defendant by the Arnolds. To the answer plaintiffs replied by general denial, and that the contract referred to in defendant's answer was without consideration. Trial being had in the month of February, 1913, judgment was rendered in favor of the plaintiffs, which judgment was afterwards vacated and set aside February 26th of said year. On May 14, 1913, plaintiffs filed an amended reply, and for the first time set up the claim that the agreement of May 13, 1911, was extorted from them by the wrong and oppression of the defendant company.

At the second trial a verdict was returned, and judgment rendered in favor of plaintiffs for the return of the property sued for, or in lieu thereof its value fixed at $2,800, together with interest thereon at 6 per cent. from the 9th day of May, 1911. Motion for new trial being overruled, the defendant brings error to this court.

The petition in error contains sixty-five different assignments of error. These assignments counsel for plaintiff in error have grouped and present under four principal subdivisions. Passing the second, third, tenth, and eleventh assignments of error urged in support of the first proposition, and turning to the fourth assignment, based upon the instruction to the jury, it will be seen that the court in its instructions numbered 4, 6, and 11, in effect, told the jury that the plaintiffs were entitled to recover a verdict if at the time the action was instituted they were entitled to the immediate possession of the property, or if the right to such possession was subsequently acquired. To be accurate, in instruction No. 4 the court charged that the burden of proof was on the plaintiffs to establish that they were the owners of the property in controversy, and "were entitled to the immediate possession of the same at the time of the institution of this suit, or have since become entitled to the possession of the same under and by virtue of a compliance with the terms of the agreement of May 13, 1911, on their part, and that the defendant wrongfully detains possession of said property."

In instruction No. 6 the court told the jury that, if they should find that the title to the property did not pass at the time of the delivery of the orders of May 8, 1911, they should find for the defendant, unless they further found that the plaintiffs and defendant, without duress, entered into a subsequent agreement on May 13, 1911, which passed the title to the property from defendant to plaintiffs, and that the agreement had been fully complied with on the part of plaintiffs "and at this time the plaintiffs are entitled to immediate possession of the property, in which event you should find for the plaintiffs"; while in instruction No. 11 the jury were told it was necessary for the plaintiffs to establish their right to recovery by a preponderance of the evidence, and to establish that they were entitled to

6—64

the immediate possession of the property at the time of the commencement of the action, "or have since become entitled to the possession of the same under and by virtue of a compliance with the terms of the agreement of May 13, 1911, on their part, and that the defendant wrongfully detains the same."

The giving of these instructions constituted error for the reason that, if the plaintiffs became entitled to the possession of the property, the subject of litigation, only after the commencement of the action, they were not entitled to recover in an action of replevin. In order to support replevin, the right of the plaintiff to recover the property in controversy must exist at the time the action is commenced, and instructions which disregard this cardinal rule and permit a recovery upon a title subsequently acquired constitute a flagrant violation of one of the first principles in the law of replevin. At the time the action was brought the plaintiffs were not entitled to possession of the property, because they had failed to discharge the conditions imposed upon them by the agreement of May 13, 1911. In view of this fact, the defendant was lawfully entitled to retain the possession of the property in controversy and to contest plaintiffs' right of recovery. True it is that the plaintiffs by their plea sought to escape any obligation enjoined upon them by the subsequent agreement of May, 1911. But it would seem that this defense may not now be held availed of by them, for the reason that, while introducing rebuttal testimony during the trial, they offered to and did tender performance of the conditions of the very agreement claimed to have been executed under duress, and which they had theretofore sought the advantage of as a defense.

Regardless, then, of the circumstances under which the subsequent agreement was made, and whether in fact they were induced to enter into it on account of the alleged wrong and oppression of the defendant, their tender of performance waived the defense of duress and constituted a ratification of the agreement. Duress in the execution of a contract does not render the contract void, but only voidable at the option of the oppressed party. This doctrine is well established. Olsen v. Thompson, 6 Okla. 576, 52 Pac. 388. Contracts are only voidable for duress, and a voluntary performance of the terms of the contract, or an offer to do so when the means of duress are no longer present, constitutes a waiver of the original wrong and a ratification of the contract. Revised Laws 1910, secs. 915-919. So the case comes to us as though the defense of duress

in the second contract or agreement had not been interposed as a defense against the second contract. Recurring to the vice in the several instructions complained of, the rule is elementary that the plaintiff must in all cases have a general or special property in the goods which he seeks to recover, with the right to their immediate possession at the time of the commencement of his action. In Wells on Replevin, sec. 94, referring to this rule, it is said:

"This has been the rule from the earliest times, and is sustained by an unbroken current of authorities to the present time."

In Shinn on Replevin, secs. 30, 31, the same rule is announced. There the author says:

"The cardinal question in every replevin action is whether the plaintiff therein was entitled to the immediate possession of the property replevied at the commencement of the action."

And further:

"The issue in replevin is the right of possession at the time of the commencement of the suit. If the plaintiff cannot show that he is entitled to the property at the time, he cannot recover."

And in Cobbey on Replevin, sec. 96, it is said:

"The plaintiff must have the exclusive right to the possession at the commencement of the suit."

This rule has been recognized from an early day in this jurisdiction. It was first announced in Olsen v. Thompson, 6 Okla. 74, 48 Pac. 184, where it was held that the gist of the action of replevin was plaintiff's right to immediate possession of the property at the commencement of the action. In the opinion on rehearing reported in 6 Okla. 576, 52 Pac. 388, the law announced in the original opinion was adhered to, and it was said:

"The gist of the action of replevin is plaintiff's right to the immediate possession of the property at the commencement of the action by reason of his being the owner, or of his having a special * * * interest therein."

In Brook v. Bayless, 6 Okla. 568, 52 Pac. 738, it was again held that the gist of the action of replevin, and that which determines the right of the plaintiff to a judgment, is the right to the immediate possession of the property at the commencement of the action. In Gilbert v. Stephens, 6 Okla. 673, 55 Pac. 107, Mr. Justice Keaton stated the rule was well settled that, if the defendant had the legal right to the possession of the stock in controversy at the time the action was com-

menced, then the plaintiff could not recover. The rule was again recognized in Robinson & Co. v. Stiner, 26 Okla. 272, 109 Pac. 238, where, among the necessary averments of a petition in replevin, it was said:

"The gist of the action of replevin is the right to possession, and the declaration or petition must contain an averment that the plaintiff is the owner of the property, or that the title is in him, or that the right of possession is in him at the commencement of the suit."

Nor is there anything in McDonald v. Shantz, 44 Okla. 648, 146 Pac. 36, that announces a contrary rule. Indeed, the opinion in that case expressly recognizes the necessity for the plaintiff to have the right to immediate possession of the property at the commencement of the action.

Until near the conclusion of the second trial, plaintiffs insisted upon their right to recover without complying with the conditions of the agreement of May 13, 1911; their claim being, in effect, that because of the circumstances under which the second agreement was made, the obligations imposed by such agreement were not binding upon them. If they were not entitled to the possession of the property at the commencement of their action, a tender made during the trial would not be sufficient in law to give them that right. At common law a valid tender cannot ordinarily be made after an action is brought. Elliott on Contracts, sec. 1963. As stated by Mr. Justice Brewer in Smith v. Woodleaf, 21 Kan. 717:

"The plaintiff cannot create his right of action after suit brought. The question is whether when he commenced he had a cause of action; and if he did not, he must fail. He determines the time of commencing; and it would be strange if after commencing he could create a right of action which did not exist when he commenced, and enforce it against the defendant."

So that in the present action of replevin plaintiffs' belated tender made during the trial will not be sufficient to confer upon them the right to maintain their suit.

In view of our conclusions, it will be unnecessary to consider the remaining assignments of error. Whatever may be the rights of the Arnolds, it is obvious that they have pursued the wrong remedy.

The judgment of the trial court is reversed.

All the Justices concur.