**FIRST NAT. BANK OF WELLSTON v. KREUZBERG.**

No. 9376—Opinion Filed April 8, 1919.

Rehearing Denied June 24, 1919.

(Syllabus by the Court.)

**1. Replevin—Gist of Action—Possession.**

The gist of the action of replevin is plaintiff's right to the immediate possession of the personal property in controversy at the commencement of the action, by reason of his being the owner or having a special interest therein.

**2. Chattel Mortgages — Replevin — Sale of Property—Issue.**

In a replevin action between the mortgagee and the mortgagor, when the mortgagee has obtained possession of the mortgaged property under the writ of replevin, the question of whether the mortgagee had sold the mortgaged property prior to the determination of the replevin action cannot be made an issue in the replevin action.

**3. Same—Loss of Mortgage Lien—Instructions.**

It is reversible error, in a replevin action brought by the mortgagee against the mortgagor for the possession of mortgaged property, for the court to instruct the jury that, by reason of the mortgagee having received possession of the property under and by virtue of the writ of replevin in the above action and having disposed of the property prior to the termination of the suit, mortgagee thereby destroyed his lien on said property, and defeated his right to prosecute his replevin action to final determination.

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Replevin by the First National Bank of Wellston, Okla., against Frank Kreuzberg. Judgment for defendant on a directed verdict, and plaintiff appeals. Reversed and remanded, with instructions to grant a new trial.

Jarrett & Speakman, for plaintiff in error.

Erwin & Erwin, for defendant in error.

McNEILL, J. The First National Bank of Wellston commenced this action against the defendant, Frank Kreuzberg, to replevy two mules, claiming a special ownership in the property by reason of a chattel mortgage. The mules were taken by a writ of replevin, and the defendant failed to give a redelivery bond, and the mules were delivered to the plaintiff. The defendant filed his answer, which was a general denial, and claiming that the note which the mortgage was given to secure was usurious, and there was noth-

ing due thereon, and further alleging that the plaintiff had sold the mules and thereby lost his lien, and defendant was entitled to damages for the unlawful detention of the same, and for the value of the mules. The plaintiff replied by general denial and pleading that the question of usury as set forth in the answer had been once adjudicated in a former case.

At the close of the evidence, upon motion of the defendant, the court peremptorily instructed the jury to return a verdict for the defendant for the value of the property and the wrongful detention thereof, stating as follows:

"It is the judgment of the court from the evidence in the case the defendant is entitled to recover on the theory that the mules taken under the mortgage were sold without the determination of this replevin action, and, these mules being exempt property, the defendant is entitled to recover from the plaintiff as damages for the wrongful taking and selling of the mules.   *   *   *"

To the giving of this instruction the plaintiff excepted. The jury returned a verdict according to the instruction of the court in favor of the defendant and against the plaintiff for the value of the mules and the wrongful detention thereof. From this judgment the plaintiff has appealed. The question presented is:

"Whether the disposing of the property by the plaintiff prior to the determination of the replevin action affected the issues in the case."

This question has been before this court in identically the same kind of an action, and has been settled by this court in the case of Fidelity Trust Co. v. Pumroy, 45 Okla. 66, 144 Pac. 1052, wherein the court held, in effect, that the sale of the property by plaintiff pending the determination of the case in no way affected the issues in the replevin case.

The gist of replevin is plaintiff's right to the immediate possession of the personal property in controversy at the commencement of the action by reason of his being the owner or having a special interest therein. Tulsa Rig, Reel & Mfg. Co. v. Arnold, 64 Oklahoma, 166 Pac. 135. This is the issue to be determined in the case at bar, and this issue should have been submitted to the jury.

The question as to whether the mortgaged property had been disposed of by the mortgagee pending the determination of the suit was not an issue in the case, and had no place either in the pleadings or the evidence unless incidentally to ascertain the value of

the property. The questions to be determined were:

First. Was the plaintiff entitled to the possession, at the time of the commencement of the suit?

Second. If the defendant recover, then section 4807, Rev. Laws of 1910, provides that, if the defendant recover in a replevin action, the judgment shall be for the return of the property, or the value thereof in case the return cannot be had, and damages for the unlawful taking and withholding the same.

These are the issues that should have governed in the case at bar. The court evidently went upon the theory that the case of Haltom v. Nichols & Shepard Co., 64 Oklahoma, 166 Pac. 745, overruled the case of Fidelity Trust Co. v. Pumroy, supra, but in this we cannot agree. In the case of Haltom v. Nichols & Shepard Co., supra, Justice Hardy stated, in effect, that the mortgagee replevied the property and did not foreclose the mortgage, but obtained possession thereof and removed the same from the state and beyond the reach of any process of the court in which it was held subject to the attachment, and redelivered the property to the mortgagor, which fact, in view of the proceedings in that case, prevented the defendant from obtaining any relief in the case. The court did not hold as between the mortgagor and mortgagee the lien was destroyed, but as between the attaching creditor and the mortgagee, where the mortgagee had obtained possession of the property, not for the purpose of foreclosing its mortgage but for the purpose of delivering the property to the mortgagor, thereby using its mortgage to obtain possession of the property for the mortgagor, and doing indirectly what the mortgagor could not himself do, and thereby using the process of the court for the purpose of defeating any judgment that might be rendered in favor of attaching creditor. The court held in that case that as between the mortgagee and the attaching creditor, the mortgagee's lien was destroyed. There was no similarity between the two cases, and they are easily distinguishable.

There are other assignments of error complained of, but it would be impossible to pass upon the same in this proceeding, as this error had the effect of eliminating the other questions.

The court committed error in instructing the jury to return a verdict for the defendant.

The case is therefore reversed and remanded, with instructions to grant plaintiff in error a new trial.

All the Justices concur.