**TULSA RIG, REEL & MANUFACTURING CO. v. ARNOLD et ux.**

No. 12283—Opinion Filed Sept. 25, 1923.

Rehearing Denied Dec. 11, 1923.

1. **Election of Remedies—Choice—Necessity of Two or More Remedies.**

The doctrine of election of remedies applies only where there are two or more remedies existing at the time the election is made.

2. **Same—Erroneous Prosecution of Supposed Remedy.**

Where a plaintiff prosecutes an action upon a remedial right which he erroneously supposes he has, and is defeated because of such error, he is not precluded thereafter from pursuing a remedy to which he is otherwise entitled.

3. **Limitation of Actions—Former Suit Erroneously Brought.**

Where plaintiff thus erroneously brought replevin, claiming ownership of personal property under contract with defendant, and

it was finally adjudged that plaintiff was not entitled to the possession of such personal property at the time he filed such replevin suit, because he had not performed a condition of such contract necessary on his part to entitle him thereto, but performed same after commencement of suit, and the time limited for another suit had expired, held, that since plaintiff did not have a trial upon the merits in the replevin suit, section 190, Compiled Oklahoma Statutes 1921, applies, permitting the filing of a second suit within one year after the failure of the first suit for the value of such personal property, and tolls the statute of limitation in such case.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by John H. Arnold and Etta B. Arnold against the Tulsa Rig, Reel & Manufacturing Company, a corporation. Judgment for plaintiffs, and defendant brings error. Affirmed.

Marvin T. Johnson and Robert R. Burns, for plaintiff in error.

Chas. E. Bush, J: P. O'Meara, A. F. Moss, L. G. Owen, and J. O. Farmer, for defendants in error.

Opinion by ESTES, C. Defendants in error, Arnold and his wife, as plaintiffs below, commenced this action against Tulsa Rig, Reel & Manufacturing Company, a corporation, plaintiff in error, as defendant below, alleging, in substance, that they made an agreement with said company to sell and transfer to it 25 shares of stock owned by the Arnolds, for and in consideration of certain rig irons, rig timbers, and rig lumber to be delivered to them from the yards of the company at Osage, and also certain accounts to be assigned to them for collection. Said Arnolds to pay $300 in cash to the company on receipt of the rig property; that the company was to cause the Arnolds to be released as surety on a certain note at a bank in Tulsa; that they went to Osage to get possession of the rig property and that the company refused to turn the same over to them, although it had previously given written order to its foreman at Osage for same. They alleged substantially that said contract was fully performed on both sides, except that said company refused to deliver said rig property. The petition shows that the said contract was made in June, 1911, and that on the refusal of the company to deliver the rig property, the Arnolds instituted a replevin action to recover said property; that the company executed a redelivery bond and retained possession of

the rig property, and that none of the rig property had ever come into their possession; that the trial of the replevin action in the district court resulted in a verdict and judgment for the Arnolds; that a new trial was granted and thereupon another judgment was rendered in their favor in the said district court; that the company appealed same to the Supreme Court, and that the cause was there reversed, averring that such trial was not on the merits.

Defendant company answered, admitted the oral agreement alleged in the petition, and alleged, further, that there was a subsequent written agreement, exhibiting the same, whereby the Arnolds were to turn over to the company certain documents, consisting of canceled vouchers, insurance policies, etc., in their possession and showing that said documents were to be turned over to the company as part consideration for the rig property, and ratifying the former oral agreement, and that the said Arnolds should pay the said $300 on delivery of the said rig property, and that the judgment of the Supreme Court in the replevin action was res adjudicata, exhibiting the syllabus thereof, and alleged that the said trial was a trial on the merits, and further set up the statute of limitations.

For reply, the Arnolds admitted the said subsequent written contract, and alleged that they had theretofore tendered the documents accordingly, and again in their reply made tender thereof.

At the trial it was stipulated that the rig property was never delivered to the Arnolds, but retained by the company under redelivery bond. and that the reasonable market value of same, at the time of the contract between the parties in 1911, was $2,390, less the said credit of $300. On said pleadings and said stipulation the cause was submitted to the court without a jury and judgment again rendered in favor of the Arnolds against the company, and the company has lodged this appeal. The said replevin action appealed by the company is entitled Tulsa Rig, Reel & Manufacturing Co. v. Arnold et al., 64 Okla. 160, 166 Pac. 135. The transactions which are the base of the former suit occurred in 1911. The final judgment of the Supreme Court in the former action was rendered in 1917. The instant suit is for the value of the rig property not delivered under the contract, and therefore, in effect, for damages for breach of contract to deliver personal property, and filed within one year after the reversal of said former case.

The Arnolds claim the right to maintain this suit under section 190, Compiled Okla-homa Statutes 1921, as follows:

"190. Limitation of New Action. If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

Counsel for the company discuss the various assignments of error under several propositions but we think that the application of the said statute to the instant case will settle all questions raised, particularly the res adjudicata of the replevin action, or former decision on the merits, and election of remedies.

1. Election of remedies does not apply in this case. Said former opinion shows that, technically, the Arnolds were not entitled to the possession of the rig property at the time they filed their replevin action, for that they had not delivered or tendered the documents in their possession to the company, which, by their written agreement, they were bound to do as a part of the consideration for the said rig property. During the trial in the lower court they did make this tender. Their attorneys seem to have taken a different view of the legal effect of the subsequent written agreement requiring them to deliver these documents. The case was reversed because the right to possession of the rig property was not in the plaintiffs at the commencement of that suit. If the right of possession had been in them at the commencement of that suit and they had prevailed and recovered either the rig property, or in the alternative, its value, then and thereby the contract between the parties would have been carried out. In other words, the replevin suit was, in effect, to compel the company to carry out its part of the contract by delivering the rig property, the consideration for which had been paid by the Arnolds by the transfer of their stock and otherwise as provided in the contract. Chief Justice Sharp in that opinion says that whatever may be the rights of the Arnolds, it is obvious that they have pursued the wrong remedy. We think it had been more precise if he had said that they pursued a remedy which did not exist, and we think such is the purport of that opinion. The right to possession did not in fact exist in that case and attempting to compel the company to carry out its part of the contract by replevin was to pursue a remedy that did not exist. Now, in the case at bar, the Arnolds sued the company for the agreed value of the same rig property. They are still try-

ing to recoup themselves under the contract by compelling the defendant to pay the damages for breach thereof in its refusal to deliver the rig property. In their replevin action they ask in the alternative under the statute for the value of the same rig property, and if replevin had been a remedy, we are justified in saying they would have obtained a final judgment in that case for the same amount which they did in the instant case.

United States of America v. Oregon Lumber Co. (U. S.) 67 Law Ed. 99, and the dissenting opinion by Mr. Justice Brandeis, concurred in by Chief Justice Taft and Mr. Justice Holmes, is very illuminating on the interesting question of election of remedies. Under the facts in that case and the federal procedure, the majority opinion in that case is not applicable to the case at bar; but the logic of the dissenting opinion is very pertinent. In substance, it is said in the said dissenting opinion that in order to invoke the doctrine of election of remedies, the parties must actually have had two remedies and that the remedy in question be inconsistent with the other previously invoked. Northern Assur. Co. v. Grand View Bldg. Asso., 203 U. S. 106, 108, 51 Law Ed. 109, 111, 27 Sup. Ct. Rep. 27; William W. Bierce v. Hutchins, 205 U. S. 340, 347, 51 Law Ed. 828, 833, 27 Sup. Ct. Rep. 524. The learned Justice continues that it is impossible to conceive of a right of election in a case where no such right existed; and further says:

"Thus, the mere fact that the remedy first invoked was, at the time, unavailable, precludes application of the doctrine. The reason why it was unavailable is immaterial. A party is equally free to try another remedy, whether the earlier proceeding was futile because of inability to establish assumed facts essential to the existence of the remedy then pursued, or because the assumed facts did not, as a matter of law, entitle him to the relief sought."

The remedy pursued in the instant case is not inconsistent with "the fatuous pursuit of an imagined remedy" in the replevin case. In Barnsdall v. Waltemyer, 142 Fed. 415, 420, it is said:

"But the fatuous choice of a fancied remedy that never existed and its futile pursuit until the court adjudges that it never had existence, is no defense to an action to enforce an actual remedy inconsistent with that just invoked through mistake. In re Van Norman, 41 Minn. 494, 43 N. W. 334; Morris v. Rexford, 18 N. Y. 552; Butler v. Hildreth (Mass.) 5 Metc. 49; Kelsey v. Murphy, 26 Pa. 78-83; Bunch v. Grave, 111 Ind. 451, 12 N. E. 514; McLaughlin v. Austin (Mich.) 62 N. W. 719; McKinney v. Kiern-am, 49 N. Y. 164; McNutt v. Hilkins, 80 Hun, 235, 29 N. Y. Supp. 1047; Gibbs v. Jones, 46 Ill. 319-321."

In 20 C. J. 21, it is said:

"An election can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election is made. Hence the fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a remedial right which he erroneously supposes he has, and is defeated because of such error does not constitute a conclusive election, and does not preclude him from thereafter prosecuting an action based upon an inconsistent remedial right."

Mr. Justice Holmes in Northern Assurance Co. v. Grand View Bldg. Association, supra, says, "Defendant's choice of law was not an election, but an hypothesis." Likewise, the said replevin suit was not an election, but an hypothesis. It is not necessary to distinguish the case at bar from those cases discussing inconsistent remedies. The Arnolds did not have a remedy by replevin —they thought they had. They pursued this imaginary remedy, nevertheless.

Section 190, supra, is a tolling provision of our statute for the Arnolds in this case. George et al. v. Connecticut Fire Ins. Co., 84 Okla. 172, 200 Pac. 544, and on rehearing, 200 Pac. 691.

From the foregoing, it appears that the judgment in the said replevin suit was not a decision on the merits and is not res adjudicata. The judgment of the lower court is affirmed.

By the Court: It is so ordered.