BROWN v. JONES.

No. 30445. June 15, 1943.

Rehearing Denied June 29, 1943.

*139 P. 2d 186.*

Joseph A. Moran, of Tulsa, for defendant in error.

WELCH, J. Fred Jones brought action in replevin to recover possession of an automobile for purpose of foreclosure under chattel mortgage. The action was instituted on April 29, 1940. After obtaining possession under writ of replevin, and on May 9, 1940, an amended petition was filed in which it was alleged that the note and mortgage had theretofore been assigned to another, and had then been reassigned to plaintiff. Judgment was for plaintiff, and defendant appeals.

It is contended that the trial court erred in striking defendant's cross-petition. Therein defendant asserted that plaintiff, in inducing defendant to purchase the automobile, had represented that the deferred payment would not become due until one year from date; that though the note representing same contained a due date six months from date, it had been agreed that upon payment of a small amount thereon it would be extended another six months, and that it would not be negotiated or assigned by plaintiff. It is alleged that contrary to agreement the note had not been extended and that it had been assigned to another. Therein he sought damages by reason of the breach of such agreements in the sum of $1,000, and the further sum of $2,000 as punitive damages.

The note was in the regular form of a negotiable promissory note with a specific due date six months from date. Such alleged agreements prior to the making of the note cannot avail defendant to vary the terms of the note itself and they furnish no basis for damages. There is no allegation of accident, fraud, or mistake in the execution of the note, and plaintiff cannot therefore controvert the express provisions thereof. Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 P. 577.

The court did not err in striking the cross-petition for damages based upon such alleged breach of agreement.

M. A. Breckenridge, of Tulsa, for plaintiff in error.

It is also urged that there was error in overruling demurrer to plaintiff's evidence.

Material facts in that regard are that prior to the institution of this action plaintiff had assigned the note to a certain bank, with recourse. Plaintiff repaid the amount thereof to the bank and procured a reassignment of the note to himself on May 2, 1940, some four or five days after institution of this action in replevin, after which he filed his amended petition as already noted.

It is defendant's theory that plaintiff cannot recover in the replevin action because he failed to show right to possession at the commencement of the action. Chief reliance in this regard is placed in Tulsa Rig, Reel & Mfg. Co. v. Arnold, 64 Okla. 160, 166 P. 135. Therein the general rule is discussed and applied.

Defendant fails to take into account the modification of the common-law rule, which has long since been adopted and applied in many cases.

This court has recognized the modified rule to the effect that when the status of the parties, with reference to the right of possession at commencement of action, changes pendente lite, the court in the proper exercise of its equitable jurisdiction may adjust and settle all the rights and equities of the parties.

The rule that one must show right to possession at commencement of action, though operating to prevent complete recovery in some cases, does not, under the modified rule, prevent such recovery as a changed status of the parties and the equities in a given case will warrant.

In McFadyen et al. v. Masters, 11 Okla. 16, 66 P. 284, it was held in paragraph 4 of the syllabus as follows:

"The statutory action of replevin is sufficiently flexible to authorize a settlement of all the equities in the property in controversy as between the parties to the action."

The following statement is contained in that opinion:

", ". . . Great latitude is allowed in actions of replevin, and the statutory action is considered sufficiently flexible to authorize both legal and equitable rights to be determined in such actions, and it is the policy of the Code to, in so far as possible, settle all the equities in the property which is the subject of the controversy, in one action."

That recognition of statutory change or modification of the common-law rule as concerns replevin has been applied in many opinions of this court subsequent to the Masters Case. See Broyles v. McInteer, 29 Okla. 767, 120 P. 283; Stone v. American Nat. Bank, 34 Okla. 786, 127 P. 393; Bottoms v. Clark, 38 Okla. 243, 132 P. 903. Also, Brooks v. Bayless, 6 Okla. 568, 52 P. 738, where the same principle had already been applied. Paragraphs 2 and 3 of the syllabus are as follows:

"Where a mortgagor of chattels brings replevin against the mortgagee for the possession of mortgaged property, if at the time the action was commenced the plaintiff was the owner and entitled to the immediate possession of the property, and the defendant unlawfully detained the same, although the debt secured became due or a default occurred in the condition of the mortgage, between the time of commencing the suit and the trial, the plaintiff would, nevertheless, be entitled to a verdict for the value of his interest in the property and for damages and costs."

"The judgment in replevin should, so far as possible, adjust all the equities of the parties. The gist of the action is the right of the plaintiff to the immediate possession of the property at the commencement of the action, and, if the title or rights of the parties to the property should change pendente lite, the judgment should adjust the equities between them as such equities stand at the time of the rendition of the judgment."

In the early case of Citizens State Bank of Lawton v. Chattanooga State Bank, 23 Okla. 767, 101 P. 1118, this court recognized the legal principle that though plaintiff in a replevin action was

not entitled to immediate possession of the property at the commencement of suit, he would still not be denied all right of recovery when it plainly appears that he was entitled to possession before judgment. See, also, to same effect Hutchings v. Cobble, 30 Okla. 158, 120 P. 1013. Paragraph 1 of the syllabus in the bank case holds in part as follows:

"(a) In an action for the possession of property, where the defendant, without demand, was rightfully in possession, and there being no evidence of demand, he is entitled to costs.

"(b) If no demand is made, and the original possession of defendant be lawful, and he tenders the property to the plaintiff, and upon its delivery by proper answer or plea discharges the action, costs should be taxed against the plaintiff."

Although recognizing that in some cases plaintiff is not entitled to possession until after demand, and no demand having been made prior to suit, those cases apply the principle that the right to possession may come into existence after suit is brought and that although plaintiff may be subjected to costs and possibly damages which had accrued prior to the perfection of the right to possession, he would not be denied all right of recovery.

The same legal principles are applicable here. Accepting defendant's contention that plaintiff had no sufficient interest in the property on April 29, 1940, the day action was commenced, we have no doubt that under the decisions, defendant had a good defense up to the time plaintiff procured the reassignment of the note, to wit, May 2, 1940, and he would probably have been entitled to judgment for costs and damages accruing to May 2, 1940, dependent upon the facts and equities, had he proceeded upon that theory in the conduct of his defense and pursued that theory in his cross-petition.

Defendant in this case did not pursue that theory in his pleadings or in the conduct of the trial. There is no doubt from this record that plaintiff had the right to possession at all times subsequent to May 2, 1940, and to the time of trial. Defendant chose to answer to the merits after plaintiff filed his amended petition and to pursue the sole theory that plaintiff was entitled to no recovery whatever throughout the entire course of the litigation.

Plaintiff had a clear right to possession at the time of trial and defendant has not pleaded or shown any relief to which he might have been entitled.

Although the Tulsa Rig, Reel & Mfg. Co. Case, supra, held that certain instructions which would permit plaintiff to recover if the right to such possession was subsequently acquired (meaning subsequent to commencement of the action) were reversible error, and therein pointed out in considerable detail the common-law rule in that regard, it is to be observed that this court therein considered that plaintiff had not shown a clear right to possession at the date of trial. It is held therein that plaintiff's tender to complete such right came too late, not having been made until trial was had. That the rights and equities of the parties to the controversy in that case were not settled until some eleven years later would seem to argue the wisdom of the rule theretofore announced to the effect that the court should adjust all the equities of the parties in the one suit. In view of the court's conclusion in the Tulsa Rig, Reel & Mfg. Co. Case, supra, that the tender came too late to complete the right to possession at the time of trial, we find no conflict with the law therein announced and in our holding here.

Defendant asserts that the case of Wilson Motor Co. v. Dunn, 129 Okla. 211, 264 P. 194, supports his position here. He asserts:

"In that case, because the mortgage had not been reassigned to intervener prior to the time of his intervention he failed."

He is mistaken in that regard, as the opinion clearly discloses that intervener was denied recovery because of its conversion of the property.

Though the facts in that case bear no resemblance to the facts here, paragraph 9 of the syllabus thereof clearly announces the principles of law which we apply here. We quote same as follows:

"An action in replevin is primarily a suit for possession of personal property. The gist of the action of replevin is plaintiff's right to immediate possession of the personal property in controversy, at the commencement of the action, by reason of ownership or special interest therein, but by reason of section 323, C. O. S. 1921, it is the policy of the law to settle in one action all the conflicting claims of the parties to the possession of the property in controversy, and where the facts have arisen since the commencement of the action and before judgment which would vary the relief to which plaintiff or defendant would have been entitled at the commencement of the action, such facts may be alleged in amended petition, answer, or cross-petition."

Finding no reason for reversal, the judgment of the trial court is affirmed.

CORN, C. J., and OSBORN, HURST, and ARNOLD, JJ., concur. GIBSON, V. C. J., and RILEY, BAYLESS, and DAVISON, JJ., dissent.

———

BAYLESS, J. (dissenting). I feel compelled to state the views that cause me to dissent to the opinion of the court in this case.

The gist of the court's opinion is: that a claimant in a replevin proceeding may acquire title to the note and chattel mortgage, upon which his seizure of personal property was based, after the institution of his action and may, thereby, make a title to or special ownership in the personal property that he did not possess when the action was instituted.

Such a rule is contrary to the overwhelming weight of law. 54 C. J. 435, § 46; 23 R. C. L. 866, § 15, where it is said:

"The real test then as to whether an action can be maintained turns upon the question whether the plaintiff is, at the time of the institution of the suit, entitled to the immediate possession of the property claimed."

Cobbey on Replevin, where it is said, section 94:

"The right to the possession at the time of bringing the action is essential to recovery."

And in section 96:

"The plaintiff in replevin must prove a right to the possession at the time the action was commenced. In order to maintain an action for the recovery of chattels in specie, the plaintiff must have, as against the defendant, a present, unqualified right to the possession of the chattel, . . ." (Shinn on Replevin, §§ 30 and 31; Wells on Replevin, § 39; and the comprehensive annotation on the subject in 125 A. L. R. 612, following the quotation of our decision in White v. Tulsa Iron & Metal Corp., 185 Okla. 606, 95 P. 2d 590.)

The rule announced in the present opinion is flatly contrary to the decisions of this court, as is evidenced by the attempt in the opinion to differentiate this case from Tulsa Rig, Reel & Mfg. Co. v. Arnold, 64 Okla. 160, 166 P. 135; and as can be seen by reading our decisions in First National Bank v. Kreuzberg, 75 Okla. 97, 181 P. 717; Williams v. Williams, 87 Okla. 195, 209 P. 769, touching and deciding the precise issue, which are ignored in the court's decision and stand out in contradiction to it and bring about the unhappy result of confusion in our own decisions.

The very nature of the remedy of replevin dictates that the right of possession must exist at the commencement of the action. However, the logical concept that underlies all legal and equitable actions is that the party asserting a claim or right should possess the claim or right at the commencement of the action. Judicial power exists to adjudicate controversies between persons over essential and substantial and personal rights. It has always been antipathetic to the notion of our judicial processes that strangers or intermedlers

bring or defend or participate in any manner in court proceedings; and especially have the courts refused to lend their processes to speculative matters. It is said in 47 C. J. 23, § 39, in discussing the interest one must have to assume the position of a party:

"It is axiomatic that a plaintiff in a court of law, in order to maintain his suit, must have the legal title to the chose in action at the time he instituted his suit."

Attention is directed to American Investment Co. v. Baker, 122 Okla. 10, 250 P. 76, holding that a cause of action for the recovery of money due on contract must be valid and subsisting at the commencement of the action, and specifically holding that a person who was only part owner of the claim could not institute the action to recover all and supplement his pleadings thereafter by showing that he had, since the commencement of the action, acquired the outstanding interest and was "now" the owner of the entire claim.

Attention is directed to White v. Tulsa Iron & Metal Co., supra, where a partner, instead of suing in replevin, chose to sue in conversion for the value of the property, and subsequently acquired the interest of the other partner. It was held that a demurrer to his evidence was properly sustained, since, in order to prevail, his evidence must show that the claim he asserted was a valid and subsisting claim owned by him at the commencement of the action.

It will be observed in many of those cases that the plaintiff sought to bolster his position in court insofar as his pleadings were concerned, as Jones did in this case, by filing supplemental pleadings, and that in every instance this was not allowed.

This court now undertakes to say that because the replevin proceedings properly brought are comprehensive enough to permit the joinder therein of issues, legal and equitable, and the settlement thereof, that it is thereby meant that an action improperly brought may be cured. The cases cited relate to the conflicting claims of others; and in some instances relate to situations where, during the pendency of an action properly brought, interests change hands. If this court has heretofore given rise to a modification of the well-nigh universal rule stated by the authorities I have just cited, the cases heretofore decided by this court to the contrary should be expressly overruled.

The rule which I have said applies to replevin proceedings, actions on contracts, actions for damages in conversion, etc., also applies to actions in ejectment, 19 C. J. 1047, §§ 23 and 24; in actions on bills and notes, 8 C. J. 820, §§ 1083 et seq.; in forcible entry and detainer proceedings, 36 C. J. 654, § 1863; and in all equity actions, 21 C. J. 304, § 304, dealing with "real party in interest."

I therefore dissent.

GIBSON, V. C. J., concurs.