McGEE v. CAMPBELL et al.

No. 33662. April 11, 1950.

*217 P. 2d 174.*

Owen F. Renegar, of Oklahoma City, for plaintiff in error.

Embry, Johnson, Crowe, Tolbert & Shelton and C. Harold Thweatt, all of Oklahoma City, Martin, Logan, Finney & Stanton, of Tulsa, and Walter D. Hart, of Pauls Valley, for defendant in error.

CORN, J. In April, 1923, Dickerson-Reed-Randerson Company filed suit in the district court of Garvin county to foreclose a real estate mortgage. Plaintiff in error, hereinafter called movant, was named as one of the defendants. Summonses were issued and served upon defendants other than movant. Thereafter praecipe for alias summons was issued and summons issued for movant as follows: "A. E. McGee, near Katie, 1 mile west, 3 miles south Katie, that he has been sued by Dickerson-Reed-Randerson Comp." The sheriff's return of service upon this summons was as follows:

"Received this writ Dec. 27, 1923, and as commanded therein I summoned the following persons of the defendant, within named at the times and on the dates following, to-wit: _____;

"E. A. McGee, Jan. 3, 1924, by leaving for each of said defendant at the usual place of residence of each in said County a true and certified copy of the within Summons, with Bill McGee, his father, a member of his family above the age of fifteen years, with all endorsements thereon."

April 24, 1924, the district court entered judgment finding certain defendants, including movant herein, had been served personally but had made default, ordering the mortgage foreclosed and the property sold in satisfaction of the indebtedness. Thereafter the property was sold at sheriff's sale, the sale confirmed and sheriff's deed issued to John H. Vaughn. Title thereafter passed into Cara D. Campbell, defendant herein, who later conveyed mineral interests and rights in this property to her codefendants in this action.

February 26, 1930, Vaughn, purchaser at the sheriff's sale, applied for and received the following order from the district court:

"On this 26th day of February, 1930, upon application of J. H. Vaughn the owner of the lands mentioned in plaintiffs Petition, it appearing that certain clerical errors occurred in the summons issued in said cause, it is ordered that the summons be amended as follows:

"The name of Dickerson-Reed-Randerson Comp., be amended to Dickinson-Reed-Randerson Company to comply with the petition of the plaintiff.

"It is further ordered that the return of the sheriff on the Summons issued to A. E. McGee be amended by showing that same was served on A. E. McGee in lieu of E. A. McGee as found in said summons, it appearing to the Court that A. E. McGee was in fact served, and by error of said sheriff

the return was erroneously made that E. A. McGee was served and the Court finds that E. A. McGee and A. E. Mc-Gee are one and the same person."

The above order was attached to the copy of the alias summons, but does not appear to have been filed for record.

July 11, 1947, movant filed his motion to vacate the foreclosure judgment rendered in April, 1924, alleging same was void on its face, because the judgment roll disclosed lack of service upon movant, and that the trial court had no jurisdiction of movant, who never had notice or knowledge of the proceedings.

Upon proper motion Cara D. Campbell was granted leave to be made a party defendant. The named defendants then filed motions to strike the motion to vacate judgment, upon the ground the court was without jurisdiction to entertain same, since the judgment roll affirmatively reflected service upon movant prior to rendition of the foreclosure judgment.

Movant then filed an amended motion to vacate the judgment which was ordered stricken, but was granted leave to file a further amended motion. This second amended motion set up movant's residence in Texas at the time of issuance and service of summons, and his lack of notice of the proceedings; that because his name did not appear in the return of service the judgment entered was void; that a motion to strike would not lie and defendants should be required to present their defenses, if any.

By agreement defendants' motions to strike the original motion to vacate were considered as directed against this second amended motion. Upon hearing, and without presentation of testimony, the trial court sustained defendants' motions. Movant then sought to introduce testimony in support of his motion, and also sought to introduce in evidence the judgment roll in the former action. Both requests were denied, and movant has appealed from the order denying his motion to vacate judgment.

The assignments of error upon which movant predicates his claim for reversal may be summarized for consideration as follows: (1) The trial court erred in overruling the motion to vacate judgment. (2) The trial court erred in overruling movant's offer of testimony, and in refusing to permit him to introduce the judgment roll in evidence. (3) The trial court erred in sustaining defendants' motion to strike.

Movant's entire argument is based upon the proposition that the original foreclosure judgment shows lack of service and so was void upon its face, and subject to being vacated at any time under the rule laid down in Caraway v. Overholser, 182 Okla. 357, 77 P. 2d 688, and numerous other cases, that:

"A judgment is void on its face when the judgment roll affirmatively shows that the trial court lacked either, (1) jurisdiction over the person, (2) jurisdiction over the subject matter, or (3) judicial power to render the particular judgment."

Also see Pettis v. Johnston, 78 Okla. 277, 190 P. 681, and cases cited.

However, it is settled that a judgment cannot be vacated as being void unless the invalidity thereof appears on the face of the judgment roll. Town of Watonga v. Crane, 189 Okla. 184, 114 P. 2d 941, and cases therein cited. Thus the question for determination herein is whether the transposition of movant's initials in the sheriff's return of the service was fatally defective, so that the judgment entered upon such service was void upon its face.

In Ritchie et al. v. Kenney, 181 Okla. 207, 73 P. 2d 397, we held that where a judgment is attacked by a motion to vacate on the ground same is void on the face of the judgment roll for lack of service of summons, the summons, the return thereof, and the journal entry of judgment all must be read together.

It is the fact of service itself which gives the trial court jurisdiction to hear a matter and render judgment, and not the return of the service. 42 Am. Jur., Process, sec. 117; Federal Land Bank v. Brinton, 106 Utah, 149, 146 P. 2d 200.

Measured by any rule, this record reflects that movant was a defendant in the foreclosure action, and summons issued apprising him of such fact. The writ was served as provided by statute, but the return thereof incorrectly showed a transposition of his initials. But, the summons as issued correctly named movant, and identified him by setting forth the place where he might be found. The trial court considered these matters, and properly concluded that summons had been issued for, and served upon A. E. McGee, the defendant named therein.

The reasoning which provides the grounds for vacating a judgment as being void is that there has been a failure to do that required by law to give the trial court jurisdiction to hear and determine the cause. Such reasoning cannot be held to include mere clerical errors committed in effectuating the requirements which give validity to the judgment rendered thereon. Since proper summons was issued, and the trial court found, after considering the summons and the return, that service had been made upon the named defendant, nothing on the face of the judgment roll affirmatively reflected the lack of service.

Movant also contends the trial court erred in sustaining the defendants' motions to strike. The argument is made that movant proceeded under the requirements of 12 O.S. 1941 §1038, providing for vacating of void judgments on motion; and, that to accomplish this movant had to present the judgment roll in support of such motion, and no statutory rule provides for a motion to strike such motion to vacate.

The rule is that a court will take judicial notice of its own records and proceedings. 20 Am. Jur., Evidence, §86; 31 C.J.S., Evidence, §50 (b); Dime Savings & Trust Co. v. Humphreys, 175 Okla. 497, 53 P. 2d 665. The record in the original foreclosure action was the subject of judicial notice by the trial court and it was unnecessary for movant to introduce same in evidence. No error was committed in denying movant's request.

Further, we have held that an answer which fails to state a defense to an action, or part thereof, is subject to a motion to strike. National Life Ins. Co. v. Hale, 54 Okla. 600, 154 P. 536; Brown v. Jones, 192 Okla. 664, 139 P. 2d 186. And, in Sabin et al. v. Levorsen, 193 Okla. 320, 145 P. 2d 402, cert. denied. 320 U.S. 792, 64 S. Ct. 205, 88 L. Ed. 477, syllabus 8 states:

"Where the allegations of an amended petition are essentially the same as the allegations of the original petition, to which a demurrer was sustained, and by reason of this fact the trial court sustains a motion to strike the amended petition, the court's action was tantamount to an order sustaining a demurrer."

The second amended motion to vacate was made under authority of the statute, after leave granted by the court, and asserted substantially the same matters as those set forth in the prior motion. Under the circumstances, the trial court's action in sustaining the motions to strike was of the same effect as sustaining a demurrer to a petition. Sabin et al. v. Levorsen, supra.

The amended motion to vacate set forth extraneous matters, but the sole question for the trial court was whether the original foreclosure judgment was void upon its face. When this question was determined adversely to movant, nothing further remained for the trial court's consideration. Thus the situation is analogous to striking an an-

swer which presents no defense to a cause of action set forth in a petition.

By reason of what has been said, it is unnecessary to consider other matters argued at length by the parties.

Judgment affirmed.